VILLAGE OF ECORSE *v.* TOLEDO, CANADA SOUTHERN & DETROIT RAILWAY CO.

1. APPEAL AND ERROR—APPEAL FROM JUSTICE'S COURT—EMINENT DOMAIN.

Under 1 Comp. Laws 1915, § 2798, the method of appealing from judgments of justices of the peace in condemnation proceedings is similar to that in other cases.

2. SAME—GENERAL APPEAL—MOTION TO DISMISS—VOID JUDGMENT.

Upon a general appeal, a motion to dismiss on the ground that the judgment is void may be made.

3. JUSTICES OF THE PEACE—JUDGMENT—ENTERING JUDGMENT IN CONDEMNATION PROCEEDINGS—MINISTERIAL ACT.

Where the judgment of confirmation in condemnation proceedings was pronounced by the justice within the 40 days required by the statute (1 Comp. Laws 1915, § 2795), it was valid, although not entered upon the docket till later, since it is complete when pronounced; entering upon the docket being a ministerial act.

4. EMINENT DOMAIN—DAMAGES—EVIDENCE—ADMISSIBILITY.

In proceedings to condemn, for public purposes, under 1 Comp. Laws 1915, § 2784 *et seq.*, land belonging to a railroad company, testimony offered by defendant of its plan and intention to extend its side tracks and yards over and upon said land was improperly excluded, since defendant is entitled to compensation according to the most profitable and advantageous use it could make of the land.

Case-made from Wayne; Codd (George P.), J. Submitted January 6, 1921. (Docket No. 54.) Decided March 30, 1921.

Condemnation proceedings in justice's court by the village of Ecorse against the Toledo, Canada Southern & Detroit Railway Company and the Lake Shore & Michigan Southern Railway Company to acquire land for street purposes. There was judgment for plain-

tiff, and defendant Lake Shore & Michigan Southern Railway Company appealed to the circuit court. Judgment for plaintiff. Defendant appeals. Reversed.

*Angell, Turner & Dyer,* for appellant.

*Louis F. Hawkins* (*Ignatius J. Salliotte,* of counsel), for appellee.

CLARK, J. Plaintiff village, desiring to extend one of its streets across the right of way of the Lake Shore & Michigan Southern Railway Company, herein called defendant, on August 5, 1914, instituted condemnation proceedings before a justice of the peace under the provisions of chapter 13 of chapter 87, 1 Comp. Laws 1897, as amended. See 1 Comp. Laws 1915, § 2784 *et seq.* From the judgment there defendant appealed. In the circuit court the jury found the proposed improvement and the taking necessary and awarded compensation to defendant in the sum of $1,028, and it has brought the case here for review.

At the trial counsel for defendant made a motion for dismissal, claiming that the verdict of the jury had not been properly entered on the docket of the justice, and that judgment of confirmation had not been entered by the justice within 40 days after the verdict as required by the statute, and was therefore void. See 1 Comp. Laws 1915, § 2795. The motion was denied.

We think the entry of the verdict was sufficient. Counsel for plaintiff contend that, having taken a general appeal, defendant cannot attack the validity of the judgment. By Act No. 176, Public Acts of 1903, chapter 13 of Act No. 3, Public Acts of 1895 (see section 2924, 1 Comp. Laws 1897, and section 2798, 1 Comp. Laws 1915) was amended and the method of appealing in this proceeding was made similar to that of appealing from judgments of justices of the peace

in other cases. See section 14402, 3 Comp. Laws 1915. It has been held that upon a general appeal a motion to dismiss on the ground that the judgment is void may be made. See *Harrison* v. *Sager*, 27 Mich. 476.

We find that on November 18, 1915, being within the 40 days, the justice of the peace signed in the cause a judgment of confirmation in due form upon a paper which has been returned as a part of the record. Later, after the expiration of the 40 days, but as of November 18, 1915, upon his docket, in the cause, the entry of judgment of confirmation was actually made. Counsel for defendant had notice of the judgment of confirmation, having been advised thereof about November 18, 1915, and on November 27, 1915, in the affidavit of appeal, stated that the judgment of confirmation had been duly entered on November 18, 1915.

We think the judgment valid and that it was pronounced within the statutory time. A judgment entered upon the justice's minutes is not void because it was not forthwith entered upon the docket. It is complete when pronounced. Entering it in the docket is a ministerial act. See *Saunders* v. *Manufacturing Co.*, 27 Mich. 520; *Hickey* v. *Hinsdale*, 8 Mich. 267.

To show its damages because of the proposed improvement, defendant offered testimony of its plan and intention to extend its side tracks and yards over and upon the property sought to be taken and its purpose and plan to put such property to such use. The testimony was excluded. We think this was error. To minimize defendant's damages, plaintiff may not insist that the property sought to be taken be treated merely as a part of the main line of defendant's road. Defendant was entitled to compensation according to the most profitable and advantageous use it could make of the land. If it be a fact that the land was more valuable for the proposed and additional use of yards

and side tracks, then defendant had a right to have its damages assessed on that basis, and the testimony offered should have been submitted to the jury for consideration. See *Chicago, etc., R. Co.* v. *Simons,* 200 Mich. 76.

Other questions discussed are not likely to arise again. The award to defendant will be set aside and an inquest made before a new jury. Defendant will recover costs of this court.

STEERE, C. J., and MOORE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.

The late Justice BROOKE took no part in this decision.