STATE HIGHWAY COMMISSIONER *v.* BREISACHER.

1. STATUTES—GENERAL HIGHWAY LAW—CONSTITUTIONALITY—TITLE
NOT DEFECTIVE.·
> As against the objection that the general highway law
> (Act 283, Pub. Acts 1909) is unconstitutional because of
> defective title, the act is valid.[1]

2. EMINENT DOMAIN—HIGHWAYS—PETITION TO CONDEMN MAY BE
AMENDED.
> Under 1 Comp. Laws 1915, § 4361, permitting amendments
> to petitions for condemnation by the State highway com-
> missioner, it was proper to permit a petition to be amended
> to show that a survey had been made.[2]

3. SAME—NONJOINDER OF DEFENDANTS—MOTION TO DISMISS MUST
BE SUPPORTED BY PROOF.
> Although the question of nonjoinder of parties defendant
> was properly raised by motion to dismiss, where there
> was no proof of nonjoinder submitted to the trial court,
> the question will not be considered on appeal.[3]

4. SAME — QUALIFICATIONS OF COMMISSIONERS NOT CONSIDERED
WHERE RAISED FIRST ON APPEAL.
> The claim, raised for the first time on appeal, that one
> of the commissioners appointed by the probate court was
> disqualified because he was one of the county auditors,
> is raised too late to receive consideration.[4]

5. SAME—EVIDENCE SUFFICIENT TO SHOW COST AND SUPPORT FIND-
ING OF PUBLIC NECESSITY.
> In condemnation proceedings under the general highway
> law, evidence *held*, sufficient to show proof of the cost of
> the improvement and to sustain a finding of public neces-
> sity therefor.[5]

6. ·SAME—FUTURE NEEDS MAY BE CONSIDERED.
> The public authorities in dealing with streets and high-
> ways have a right to consider the future as well as the
> present needs of the public.[6]

---

[1]Statutes, 36 Cyc. p. 1038; [2]Eminent Domain, 20 C. J. § 372;
[3]Appeal and Error, 4 C. J. § 2301; Eminent Domain, 20 C. J.
§ 378 (Anno);[4]Eminent Domain, 20 C. J. § 476 (Anno); [5]Id.,
20 C. J. § 384; [6]Id., 20 C. J. § 117.
On applications of the principles of eminent domain to high-
ways; see note in 22 L. R. A. (N. S.) 99.

7. SAME—CERTIORARI—WEIGHT OF EVIDENCE.

   On certiorari to review condemnation proceedings, the Supreme Court will not weigh the testimony as to the necessity of the improvement.[7]

8. SAME—BENEFITS MAY NOT BE OFFSET AGAINST DAMAGES.

   In condemnation proceedings for the widening and improvement of a street under Act No. 259, Pub. Acts 1923, deduction of benefits from the award of damages is not authorized by Act No. 367, Pub. Acts 1921, chap. 5, § 2b, which gives the State highway commissioners the same authority as township highway commissioners to condemn, but expressly fixes the procedure as that provided by 1 Comp. Laws 1915, § 4358 *et seq.*, governing county highway commissioners, and which makes no provision for deduction of benefits; section 4310, 1 Comp. Laws 1915, relating to procedure of township highway commissioners being inapplicable.[8]

Certiorari to Oakland Probate Court; Stockwell (Ross), J. Submitted January 13, 1925. (Docket No. 5.) Decided June 18, 1925.

Condemnation proceedings by Frank F. Rogers, State highway commissioner, against Leo Breisacher to acquire land for highway purposes. From a judgment for plaintiff, defendant brings certiorari. Reversed in part, and remanded.

*Wurzer & Wurzer,* for appellant.

*James H. Lynch,* for appellee.

FELLOWS, J. The legislature at the 1923 session made provision for the widening and improvement of Woodward avenue between Detroit and Pontiac (Act No. 259, Pub. Acts 1923). In carrying out the project, lands owned by defendant in Oakland county were needed and the State highway commissioner instituted these condemnation proceedings under the general highway law in the probate court of Oakland

---

[7]Eminent Domain, 20 C. J. § 506; [8]Id., 20 C. J. § 253.

county; commissioners were appointed, much testimony was taken, the question of necessity was found in favor of the State and damages awarded. Defendant here reviews the proceedings on certiorari.

On the day set for the hearing on the petition, defendant appeared by counsel who filed a motion to dismiss in connection with his answer, and which motion to dismiss should be first considered. It was and is insisted that the general highway law is unconstitutional because of defective title. We are not pointed to, and do not discover, any provisions of the act which are not germane to and covered by the title of the act. As against this objection, the act is valid (*Loomis* v. *Rogers,* 197 Mich. 265). It was also urged that the proceedings were defective because the petition did not show that a survey had been made. The petition, however, was amended over objection of defendant's counsel in this particular and a blueprint of the survey was attached to the petition. The statute in express terms permits amendments to the petition (1 Comp. Laws 1915, § 4361). Another ground on which dismissal was asked was that there were others who had not executed rights of way and who were not made parties and that the statute contemplated a single proceeding against them all but defendant then offered no proof to sustain such allegation that there were other parties. So far as this record discloses there was nothing then offered in evidence or called to the attention of the probate court to sustain defendant's claim. Defendant chose the proper occasion to raise the question of nonjoinder but he should have then sustained it by some proof. Not having then done so, we do not feel called upon to consider what the legal effect would be if there had actually been proof of a nonjoinder then before the court.

It is here urged that one of the commissioners appointed by the probate court was one of the county

auditors of the county and that this disqualified him. No such claim was made in the probate court when he was appointed, and it is too late to raise this question for the first time here.

It is insisted by defendant that there was no proof showing the cost of the improvement or authorizing the commissioners in finding a public necessity. A careful reading of the record is convincing that defendant is wrong in both contentions. There was proof of the amount which had been paid to date of the hearing in securing the right of way and proof of the amount to be paid for this purpose in the future; there was proof that a contract had been let for a considerable amount of the work of laying the pavement and the figures were given; the commissioners could readily have determined from the testimony before them the approximate cost of the improvement. We think the testimony of Col. Waldron alone was abundantly sufficient to establish the public necessity for the improvement. There will be 28 feet on each side of the present development that will not immediately be used; it will, however, be needed soon, as the testimony discloses, for sidewalks, drainage and other public purposes. But the public authorities in dealing with streets and highways have a right to consider the future as well as the present needs of the public (*Story & Clark Piano Co.* v. *Ottawa Circuit Judge*, 212 Mich. 1) ; and Col. Waldron very clearly demonstrates that millions of dollars would have been saved to the public had the original plan of the governor and judges providing for wide streets been extended and carried out. We have only to turn to *City of Detroit* v. *Fidelity Realty Co.*, 213 Mich. 448, to confirm the fact that a failure to provide for the future is expensive to the public. In that case a narrow strip of land was not acquired through a slip and when it was later condemned it cost the city $18,500. There was plenty of testimony in the

instant case to establish the public necessity and upon certiorari we do not weigh it.

The award of damages was not within the range of the testimony; indeed, it was less than half of the lowest figures fixed by the State.   This necessitates an examination of the case to determine whether a wrong theory was adopted by the commissioners in reaching the result.   While the award of the commissioners only mentions the amount of damages awarded defendant (and each particular item making it up need not be stated), we are not left in doubt as to the theory adopted in reaching the result. Counsel for the State points out that the result was reached by deducting benefits from the damages and insists upon the right of the commissioners so to do. This presents the important question in the case. This court has held that, in the absence of a statute permitting benefits to be deducted from damages, it may not be done (*Plantenga* v. *Railway Co.*, 190 Mich. 661; *Detroit, etc., R. Co.* v. *National Bank,* 196 Mich. 660).   In the latter case the court was equally divided as to the disposition of the case, but all the Justices agreed that in the absence of statutory authority benefits may not be offset against damages.   Counsel for the State insists such statutory authority exists. His argument is that section 2*b,* chapter 5, Act No. 367, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 4379 [2]), gives to the State highway commissioner the authority of the township highway commissioner to condemn lands and that this carries with it the provisions of section 23 of chapter 1 of Act No. 283, Pub. Acts 1909 (1 Comp. Laws 1915, § 4310).   This section reads as follows:

"If any discontinued highway shall be upon lands through which a new highway shall be laid out, the same may be taken into consideration in estimating the damages sustained by the owner of such lands; and

in like manner the benefits accruing to owners of lands by reason of laying out or altering any highway shall be taken into consideration."

It will be noted, however, that this section deals with procedure not with power or authority of the township highway commissioner. The section of the act of 1921 referred to reads as follows:

"The State highway commissioner is hereby invested with full charge and control over roads heretofore or hereafter built or maintained by the State; and shall have the same authority to purchase or condemn land for highway purposes including lands containing gravel, stone or other material used and useful in highway construction as is or may be granted by law to township highway commissioners and to county road commissioners. The procedure that is, or may be, prescribed for condemnation proceedings instituted by board of county road commissioners, is hereby expressly made applicable to such a proceeding when brought by the State highway commissioner. Such right of purchase or condemnation shall be deemed to exist in the case of the construction or maintenance of any road built or improved solely by the State, or by the State with Federal aid, or by the State in conjunction with any of the municipalities of the State. The said commissioner may also exercise the same measure of authority as is or may be granted to county road commissioners with respect to the construction of drains when necessary for the construction or improvement of any highway within the contemplation hereof."

This section gives to the State highway commissioner the *authority* of the township highway commissioner in purchasing or condemning lands, but the *procedure* in condemnation by county road commissioners is "expressly" made applicable. Turning to the procedure provided for in condemnation of lands by the county road commissioners (1 Comp. Laws 1915, § 4358 *et seq.*), we find no statutory authority to offset benefits against damages. We are con-

strained to hold that the commissioners proceeded on an erroneous theory in assessing defendant damages and that he was not awarded that "just compensation" guaranteed to him by the Constitution.

It follows from what has been said that the proceedings must be sustained except the award of damages which will be set aside and the case remanded for another inquest to assess the damages. Defendant will recover costs of this court.

CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.   McDONALD, C. J., did not sit.