ROGERS *v*. WEAKLEY.

1. EMINENT DOMAIN—AWARD FOR LAND TAKEN SHOULD BE WITHIN EVIDENCE.

In condemnation proceedings to take private land for highway purposes, award of $1 for 6.34 acres of land taken lying diagonally across 59-acre parcel was not within evidence showing value of land taken to be from $5,072 to $9,510, damage to remainder of land nearly $23,000, and benefits found to be $10,706.

2. SAME—COMMISSIONERS MAY NOT FOLLOW OWN JUDGMENT AS TO VALUE OF LAND TAKEN.

Court commissioners may not follow their judgment as to value of land taken for highway purposes in opposition to testimony.

3. SAME—TESTIMONY AS TO VALUE OF LAND TAKEN SHOULD BE SPECIFIC.

Practice in condemnation proceedings of testifying that damages are offset by benefits is not favored; but where there is to be finding in amount of both damages and benefits testimony to be helpful should be specific and in amount.

Certiorari to Dan A. McGaffey, probate judge of Oakland county. Submitted April 3, 1929. (Docket No. 46, Calendar No. 33,995.) Decided June 3, 1929.

Petition by Frank F. Rogers, State highway commissioner, against William J. Weakley and another to condemn land for highway purposes. From an order of confirmation after an award, defendants bring certiorari. Reversed and remanded.

*Wilber M. Brucker,* Attorney General, and *Lincoln E. Bradt,* Assistant Attorney General, for the people.

*William J. Weakley, in pro. per.*

CLARK, J.  William J. Weakley and Marian G. Weakley, landowners, review by certiorari, proceedings to condemn their land, in Bloomfield township, Oakland county, for the purpose of a public highway, known as Telegraph Road.

The amount of land taken is 6.34 acres. It lies, diagonally across landowners' parcel of nearly 59 acres. The value of land taken was testified to be from $5,072 to $9,510.

The evidence of the landowners is that the damage to the remainder of their land by reason of the construction of the road and at a grade for the greater part considerably above the grade of the land, would be nearly $23,000. This evidence was not disputed as to amount. Witnesses for the State highway commissioner testified that the benefits would equal or offset the damages. The court commissioners awarded the landowners one dollar and found benefits to be $10,706. This contrary to the evidence. The landowners' damage was on this

record at least nearly $28,000. If benefits are but $10,706 they do not offset damages.

The award is not within the range of the evidence. *In re Petition of Rogers,* 243 Mich. 517; *State Highway Commissioner* v. *Breisacher,* 231 Mich. 317.

The court commissioners cannot follow their judgment as to value in opposition to the testimony. *Chaffee's Appeal,* 56 Mich. 244. The practice of testifying simply that damages are offset by benefits is not favored. Where there is to be a finding in amount of both damages and benefits testimony to be helpful should be specific and in amount. We find no other error in the proceedings.

The award is set aside. The cause is referred back to the court commissioners (*Marquette, etc., R. Co.* v. *Longyear,* 133 Mich. 94) for a new appraisal.

NORTH, C. J., and FEAD, FELLOWS, WIEST, Mc-DONALD, and SHARPE, JJ., concurred. POTTER, J., did not sit.