COMMISSION OF CONSERVATION OF DEPARTMENT OF
CONSERVATION *v.* HANE.

1. EMINENT DOMAIN—EFFORT TO PURCHASE NOT REQUIRED—STATUTES.

In proceedings to condemn land for public park purposes, showing of effort to purchase is not necessary; provision in 1 Comp. Laws 1915, § 355, requiring effort to purchase having been omitted in amendatory statute (Act No. 37, Pub. Acts 1925).

2. SAME—NO FIXED POLICY OF STATE REQUIRING EFFORT TO PURCHASE.

Claim that effort to purchase before commencing condemnation proceedings should be required notwithstanding omission of such provision from amendatory statute (Act No. 37, Pub. Acts 1925), on ground that such requirement has been fixed policy of State, is without merit; statutes relative to eminent domain disclosing no such policy.

3. EVIDENCE—VALUE OF PROPERTY—SALES OF SIMILAR PROPERTY—WITNESSES MAY USE KNOWLEDGE OF SUCH SALES IN FORMING OPINION.

Knowledge of specific sales of property of similar character may be employed by witness in forming opinion of value of

other lands equally circumstanced, but other specific sales of similar land and prices paid therefor may not be introduced as substantive evidence of value of particular parcel.

4. EMINENT DOMAIN—DAMAGES—AWARD WITHIN EVIDENCE NOT DISTURBED ON REVIEW.

Award made by jury in condemnation proceedings should not be held too small, even though court would have made larger award had it been trying case, where award made is within evidence, which differed widely.

Appeal from Lenawee; Sampson (Jacob N.), J. Submitted October 25, 1929. (Docket No. 161, Calendar No. 34,691.) Decided December 3, 1929. Rehearing denied January 24, 1930.

Condemnation proceedings by the Commission of Conservation of the Department of Conservation against Herman O. Hane and others to secure land for public park purposes. Defendants appeal from award made. Affirmed.

*Wilber M. Brucker*, Attorney General, and *M. M. Larmonth*, Assistant Attorney General, for plaintiff.

*Theodore M. Joslin* and *Denman, Miller & Wahl*, for defendants.

WIEST, J. The State of Michigan has a public park of 100 acres in Cambridge township, Lenawee county, and, by this proceeding, under the power of eminent domain and through plaintiff body, a State agency, seeks to condemn about 86 acres of defendants' land to enlarge the park and increase its attractiveness. The issues were tried to a jury in the Lenawee circuit and defendants were awarded the sum of $35,000 for the property taken. Defendants prosecute review in this court. Defendants claim that no showing was made of an effort to obtain their land by purchase. 1 Comp. Laws 1915, § 355, formerly required an effort to purchase. That sec-

tion, however, was amended by Act No. 37, Pub. Acts 1925, and the requirement of an effort to purchase was eliminated. Counsel for defendants are aware of the amendment, but urge that "the policy of the State has been settled to such an extent that mere omission to require such an effort will not dispense with it." It is evident that the omission was by design. We cannot find the existence of such a State policy as urged. An examination of the statutes relative to eminent domain will disclose that some have never required an effort to purchase, while others, equally as old, have required such an effort. The point urged has no merit in law.

In *City of Detroit* v. *Beecher,* 75 Mich. 454 (4 L. R. A. 813), it was stated:

"The statute in relation to the taking of land by municipalities within this State, unlike the law in relation to the condemnation of lands for railway purposes, does not require any attempt to obtain the consent of the owners to dedicate or sell their lands for the purposes of the proposed improvement, and that there shall be shown such attempt, and failure to obtain such consent, before the proceedings to condemn shall be instituted; therefore, it is not necessary that the same shall be alleged in the petition; and the act has been declared not unconstitutional because of this omission. *Grand Rapids* v. *Railroad Co.,* 58 Mich. 645."

It is claimed that the trial judge excluded competent evidence offered by defendants to show the value of the property. The property is in the "Irish Hills," so-called, and, by reason of natural advantages, lake frontage, scenic beauty, and highway approaches, has, in late years, come into demand for resort purposes, and has materially increased in value. The land is in Lenawee county, close to the lines of Jackson and Washtenaw counties, and de-

fendants were not permitted to show actual sales of
resort properties in such neighboring counties and
also in more remote counties. The right to show,
as substantive evidence of value, other sales of sim-
ilar property is a question upon which courts are in
disagreement; some holding the evidence admissible,
others that it is inadmissible, and still others that it
is discretionary with the trial court. Our attention
has been called to no decision of this court bearing
directly upon the question, and such investigation
as we have been able to make in the limited time at
our disposal has disclosed none. The rule sanc-
tioned should be one of right and not of judicial dis-
cretion and general in its application.

It has been said in support of holdings that such
testimony is admissible that witnesses, in giving
opinion evidence of value, may legitimately employ
knowledge of specific sales of similar property, and
that it is equally an aid to the jury to have the same
information in weighing such an opinion, and the
evidence should not await disclosure under cross-
examination. The rule of admission, however, is
frequently hedged by exceptions and limitations dis-
closing its weaknesses in practical application. To
emphasize the difference between opinion evidence
relative to value and value fixed by actual sales of
similar property, and, therefore, considered sub-
stantive evidence, we direct attention to the follow-
ing quotation from Nichols on Eminent Domain
(2d Ed.), § 453:

"In States which do not allow sale of similar
lands to be introduced as evidence of value, he (the
witness) may be questioned upon cross-examination
in regard to such sales. His answers are not, how-
ever, evidence of the facts stated, and at best merely
nullify his testimony."

We hold that knowledge of specific sales of property of similar character may be employed by a witness in forming an opinion of the value of other lands equally circumstanced, but other specific sales of similar land and prices paid therefor may not be introduced as substantive evidence of the value of a particular parcel.

The subject has been exhaustively considered in *Hubbell* v. *City of Des Moines,* 166 Iowa, 581 (147 N. W.´908, Ann. Cas. 1916 E, 592), and we quote:

"Upon no rule of evidence has there been a greater divergence of opinion among courts and text-writers than this one; and courts of any given jurisdiction have not been consistent in their holdings, and refinements have so often been made according to some text-writers that the only solution of the matter is to say that it is within the sound discretion of the trial court to either admit or reject the testimony. Indeed, some of the courts whose opinions are cited in support of the rule admitting such testimony have finally said that the matter was discretionary with the trial court. (Citing cases.)

"If these decisions proceed upon the theory that it is within the discretion of the trial court to decide primarily upon the question of the similarity of the property or the remoteness of the sales, they may, perhaps, be logically sustained. But if, as some of them seem to say, it is discretionary with the court to admit or reject such testimony, conceding similarity and that the sales were not too remote, then we think there is no such middle ground. The testimony is either admissible or it is not, and there is no halfway point in principle. * * *

"In *East R. R.* v. *Hiester,* 40 Pa. St. 53, the court of that State said:

" 'If allowed, each special instance adduced on the one side must be permitted to be assailed, and its merits investigated on the other; and thus there

would be as many branching issues as instances, which, if numerous, would prolong the contest interminably. But even this is not the most serious objection. Such testimony does not disclose the public and general estimate which, in such cases, we have seen is a test of value. It would be as liable to be the result of fancy, caprice, or folly, as of sound judgment, in regard to the intrinsic worth of the subject-matter of it, and, consequently, would prove nothing on the point to be investigated. The fact as to what one man may have sold or received for his property, is certainly a collateral fact to an issue, involving what another should receive, and, in no way connected with it, proves nothing. It is, therefore, irrelevant, improper, and dangerous.' "

The Iowa court also quoted from the opinion of Parker, J., in *Matter of Thompson*, 127 N. Y. 463 (28 N. E. 389, 14 L. R. A. 52), and stated:

"Without more it is sufficient to say that we have, after a full discussion of the matter and a review of the authorities, adopted the Pennsylvania and New York rule in *Watkins* v. *Railroad*, 137 Iowa, 441 (113 N. W. 924). * * *
"Knowledge of the sales of other property in general, and of other property so nearly similar as was possible under the circumstances, were shown to qualify some of the witnesses, and lack of knowledge of sales to diminish the weight of the testimony of others was also shown; and in this way each party, we must assume, had the benefit of the testimony insofar as it properly affected the reasonable market price of the property in question."

In *Kansas City, etc., R. Co.* v. *Weidenmann*, 77 Kan. 300 (94 Pac. 146), it was said:

"No error was committed in excluding testimony of particular sales proposed to be given on direct

examination of defendant's witnesses. The general selling price in the neighborhood is one of the tests of value, while the price paid for a particular property may have been a sacrifice from necessity, the result of trickery or fraud, or of recklessness and folly. The dissimilarity in properties makes comparison difficult and impracticable; besides, such a rule would introduce as many collateral* issues as there were sales, thus making inquiry almost interminable. To test the knowledge of witnesses and the value of their opinions in such cases they may be asked, on cross-examination, as to other transactions and as to sales of other property. On the main issue, however, the price an owner should receive cannot be established by some specific or exceptional case, and the evidence on the direct examination was therefore properly confined to the general selling price in the neighborhood.''

The test of value cannot be solved by the price paid for a particular piece of property regardless of the market value; and much less may the market value in one place or neighborhood be ascertained by the price paid for a particular piece of property, even though similar, in another place or neighborhood. We find it unnecessary to make a review of the authorities upon this subject. The cases may be readily found in works on eminent domain and under that heading in Ruling Case Law. We have considered the subject and find the offered evidence was properly excluded.

It is also claimed that the award made by the jury was grossly inadequate. The witnesses, in giving opinion evidence upon value, differed widely. The award made was within the range of the evidence, and, even though we may feel that we would have made a larger award had we been trying the case, we do not feel justified in holding the award is so

small as to evidence that it was not based upon the testimony.

We find no reversible error, and the action had in the circuit court is affirmed, with costs against defendants.

North, C. J., and Fead, Butzel, Clark, McDonald, Potter, and Sharpe, JJ., concurred.