In re DILLMAN.

LOCKEMAN v. DILLMAN.

1. EMINENT DOMAIN—AWARD IF WITHIN TESTIMONY MUST STAND—
WEIGHT OF EVIDENCE—CERTIORARI.
    On certiorari, amounts of awards to property owners in con-
    demnation proceedings must stand, where within range of
    testimony on values, since Supreme Court does not pass on
    weight of evidence.

2. SAME—RULE OF COMPENSATION.
    Rule that landowner is entitled to compensation according to
    most profitable and advantageous use applies when use has
    reasonable basis, but cannot rest on pure speculation.

3. SAME—COMMISSIONERS JUDGES OF LAW AND FACT.
    Commissioners appointed in condemnation proceedings are judges
    of law and fact, and charge of court is merely advisory.

4. SAME—CHARGE NOT REQUIRED BY STATUTE.
    Since statute does not require court to charge commissioners
    appointed in condemnation proceedings, its omission was not
    reversible error.

5. SAME—ORDER OF PROOF DISCRETIONARY WITH COMMISSIONERS.
    Order of proof in condemnation proceedings is within discretion
    of commissioners.

6. SAME—REBUTTAL—ORDER OF PROOF—ABUSE OF DISCRETION.
    Action of commissioners in allowing State, on rebuttal, to offer
    witnesses on values whom it should have produced on main
    case was not abuse of discretion, where property owners were
    not denied right to produce further evidence.

7. SAME—EVIDENCE—SPECIAL ASSESSMENT.
    Excluding testimony, in condemnation proceedings, showing
    special assessment against property was not error where State

---

On compensation allowable in eminent domain proceedings as
affected by adaptability of property to uses other than that to
which it is applied by owner, see annotation in 15 L. R. A. (N. S.)
679.

On evidence as to price paid for other property by party seeking
to condemn property for public use, see annotation in 43 L. R. A.
(N. S.) 985.

made no claim of credit for benefits (1 Comp. Laws 1929, § 3901).

8. SAME—AWARD OF STATE HIGHWAY COMMISSIONER OF NO CONSEQUENCE..

That State highway commissioner, in his award determining necessity, considered benefits, is of no consequence, because his award was not binding on commissioners, nor any part of evidence of value.

9. SAME—EVIDENCE—TESTIMONY AS TO SPECIFIC SALES OF OTHER LAND INADMISSIBLE.

Specific sales of other land and prices paid therefor may not be introduced in condemnation proceedings as substantive evidence of value.

10. SAME—WITNESSES—TESTIMONY AS TO VALUE.

That one of State's witnesses, in condemnation proceedings, did not properly admeasure value, by failing to testify to worth before and after taking, was not fatal, where other witnesses so testified that proper issue on value was presented to commissioners.

11. SAME—ALLOWANCE OF ADDITIONAL COMPENSATION TO COMMISSIONER.

Allowance by court to one commissioner in condemnation proceedings of compensation in addition to that provided by statute (1 Comp. Laws 1929, § 3904) because he was attorney, *held,* not error in instant case, although unlawful fees to commissioners could easily jeopardize award.

12. SAME—CONSTITUTIONAL LAW—STATUTES—NECESSITY.

Condemnation statute (1 Comp. Laws 1929, § 3884 *et seq.*) is constitutional as against objection that State highway commissioner cannot be empowered to determine necessity.

13. SAME—DEDUCTION FROM AWARD NOT REVIEWABLE—CERTIORARI.

On certiorari to review award in condemnation proceedings, whether State should be given allowance for barn burned after award made, on which owner collected insurance, is not within scope of review.

Certiorari to Oakland probate court; McGaffey (Dan A.), J. Submitted June 11, 1931. (Docket No. 79, Calendar No. 35,352.) Decided June 25, 1931.

Condemnation proceedings by Grover C. Dillman, State highway commissioner, against Gustave Lockeman and others to obtain right of way for highway purposes. Defendants review by certiorari order of probate court confirming award of court commissioners. Affirmed.

*John W. L. Hicks* (*James W. Stephens,* of counsel), for appellants.

*Paul W. Voorhies,* Attorney General, and *Harry N. Deyo,* Assistant Attorney General, for appellee.

Fead, J. Appellants, Gustave Lockeman and Anthony Lotowicz and wife, bring certiorari to review awards of compensation in condemnation proceedings, instituted by the State highway commissioner to widen the Eight Mile road between Wayne and Oakland counties. Hearing was had before commissioners appointed by probate court. Appellants raise many questions which will be considered *seriatim.*

The amounts of the awards were within the range of the testimony on values and must stand. In certiorari, this court does not pass upon the weight of the evidence on values. *In re Widening Harper Avenue,* 237 Mich. 684; *In re Widening of Bagley Avenue,* 248 Mich. 1; *Commission of Conservation* v. *Hane,* 248 Mich. 473.

Lockeman was not permitted to answer a question, as bearing upon the value of his property of 52 acres, whether it would be a good place for a golf club and course. He did not qualify as an expert on golf courses, nor was an offer made to show a probable market for the land for such purposes. The rule that an owner is entitled to compensation ac-

cording to the most profitable and advantageous use (*Village of Ecorse* v. *Railway Co.*, 213 Mich. 445), applies when the use has a reasonable basis, but cannot rest on pure speculation.

The commissioners are judges of the law and fact. The charge of the court is merely advisory. *In re Widening of Bagley Avenue, supra.* The statute does not require such charge, and there was no reversible error in its omission.

The State, on its main case, produced one witness upon values. On rebuttal, it offered others whom it should have produced before. The order of proof is within the discretion of the commissioners, and, while they would have been justified in confining the State to proper rebuttal testimony, they had the power to receive the evidence. There was no abuse of discretion, as appellants were not denied the right to produce further evidence.

Appellants attempted to show that a special assessment had been levied against their property for the highway improvement, but the evidence was rejected by the commissioners, although the fact appears many times in the arguments of counsel. Had the State claimed deductions from full value because of benefits, rejection of the testimony would have been error. 1 Comp. Laws 1929, § 3901; *In re Board of County Road Commissioners,* 242 Mich. 239. But the State made no claim of credit for benefits. All the testimony on value was directed to the full worth of the property taken, and the commissioners properly held the special assessment irrelevant. The fact that the State highway commissioner, in his award on determining necessity, considered benefits, was of no consequence, because his award was not binding on the commissioners nor any part of the evidence of value.

Specific sales of other land and prices paid therefor may not be introduced as substantive evidence of value. *Commission of Conservation* v. *Hane, supra.*

While one of the State's witnesses did not properly admeasure value, by failing to testify to the worth before and after taking (*Johnstone* v. *Railway Co.,* 245 Mich. 65 [67 A. L. R. 373]), others of its witnesses did, and a proper issue on value was presented to the commissioners.

The probate court appointed one of the instant commissioners a commissioner in another condemnation case, and, in that case, in addition to the compensation provided by 1 Comp. Laws 1929, § 3904, allowed him a further sum because he is an attorney and the court thought it advisable to have a lawyer as a commissioner. There was no showing that the appointment or added fee was at the request, connivance, or consent of the State, that it resulted in bias or favoritism toward the State, nor that it was other than an act of the court itself. It did not constitute error in these proceedings, but it may be suggested that unlawful fees to commissioners are not only indefensible of themselves but they could easily jeopardize an award.

The condemnation statute, 1 Comp. Laws 1929, § 3884 *et seq.,* is constitutional as against the objection that the State highway commissioner cannot be empowered to determine necessity. *Fitzsimons & Galvin* v. *Rogers,* 243 Mich. 649.

Appellants charge counsel for the State with prejudicial tactics, statements, and arguments. The hearing was somewhat extended, was characterized by the not uncommon friction between counsel, which produces some heat and little light, but, on the whole, the honors were about even.

Considering appellants' objections as a whole, it may be said that the record discloses no indication

that the matters complained of affected the awards. *City of Detroit* v. *Hartwick,* 204 Mich. 635. The commissioners were fair in their rulings, and evidently desirous of arriving at the right result. The testimony on both sides is open to some criticism. The commissioners viewed the premises, and the record contains no evidence that the awards are not just.

By motion, the State has brought to the attention of this court that, subsequent to the award, the barn upon Lockeman's premises burned and he has collected insurance therefor. It asks an allowance in that sum against the award. The matter is not within the scope of the review, and the parties must be left to other remedies therefor, if any.

The awards are affirmed, with costs. However, the record is unnecessarily large, and the cost of printing it will be divided equally between the State and the appellants.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.