STATE HIGHWAY COMMISSIONER v. McCARTHY

1. Eminent Domain — Commissioners — Conflict of Interest — State Legislator — Law Practice.

Attorney General's Opinion that a member of the legislature cannot sit as a commissioner in a condemnation case is not applicable to a law partner of a state legislator.

References for Points in Headnotes

[1] 27 Am Jur 2d, Eminent Domain § 411.
[2] 5 Am Jur 2d, Appeal and Error § 700.
[3] 27 Am Jur 2d, Eminent Domain §§ 9, 418, 506.
[4] 27 Am Jur 2d, Eminent Domain §§ 268, 425, 426.
[5] 27 Am Jur 2d, Eminent Domain §§ 429, 430.

2. APPEAL AND ERROR—QUESTIONS REVIEWED—SPECIFICITY.

The mere statement of a position without argument or citation of authority is insufficient to bring an issue before an appellate court.

3. EMINENT DOMAIN—INSTRUCTIONS TO JURY—PRESERVING QUESTION FOR REVIEW—TIMELY OBJECTION.

A party in a condemnation case, in order to assign as error the giving or failure to give an instruction, must object before the commissioners retire to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection.

4. EMINENT DOMAIN—AWARDS—EVIDENCE.

Commissioners in a condemnation case are not bound to accept the opinion of the defendant's expert as to the value of the condemned land; if the award was within the range of the testimony it will not be reversed on appeal.

5. EMINENT DOMAIN—VALUE OF LAND—COMPARABLE SALE.

Refusal to allow defendant to ask the state's appraiser a question concerning a comparable sale studied by him was not error where it had not been established that the comparable sale had been one of those used in appraising the defendant's land.

Appeal from Bay, John X. Theiler, J.  Submitted Division 3 April 8, 1970, at Grand Rapids.  (Docket No. 6,789.)  Decided September 29, 1970.

Condemnation petition by the State Highway Commissioner against Kenneth McCarthy and Vivian McCarthy.  Award of condemnation confirmed.  Defendants appeal.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso,* Assistant Attorney General, and *Peter G. Seward,* Special Assistant Attorney General, for the plaintiff.

*Carras & Carras,* for defendants.

Before: Holbrook, P. J., and Bronson and E. W. Brown,* JJ.

Holbrook, P. J. The State Highway Commissioner, plaintiff, on June 10, 1966, filed a petition for condemnation of land owned by defendants, Kenneth McCarthy and Vivian McCarthy, husband and wife, and other lands in Bay County, for the construction of highway I–75.[1] Defendants' land, the subject of the taking and this appeal, comprised 10.7 acres in fee, of which 1.4 acres was subject to an existing right-of-way easement. The estates to be taken also included all rights of ingress and egress (limited access) between the highway to be constructed and part of defendants' property, which was not condemned, described as the northeast quarter of the northeast quarter of section 17, town 15 north, range 4 east. The court held a pre-trial hearing on March 13, 1967, and submitted the names of several prospective commissioners to both parties for their objections, if any. The court, on July 13, 1967, selected from the list three persons who had not been objected to by the parties and appointed them as commissioners.

Defendants' principal attorney passed away and the case was delayed. Present counsel for defendants filed an appearance March 7, 1968, and a second pretrial hearing was held May 20, 1968. The case was tried in August 1968, and the sum of $7,102.50 was awarded by the commissioners to defendants. The award was confirmed and defendants have appealed. They claim (1) that the commissioners were biased; (2) that there was error in the court's instructions to the commissioners; (3) that the award

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 213.171 et seq. (Stat Ann 1958 Rev § 8.171 et seq.).

was inadequate; (4) that the court erred in certain rulings on the evidence.

# I

Defendants claim that the commissioners did not constitute an impartial tribunal based on five reasons, *viz:* (1) because of statements alleged to have been made by two of the commissioners. We have read what they were alleged to have stated and, even assuming that the commissioners made these statements which we do not repeat here for valid reasons, we conclude that such statements are not evidence of any prejudice against defendants. (2) Because one of the commissioners was acquainted with one of the defendants. This fact alone does not indicate any bias or prejudice against defendants. *Rice* v. *Winkelman Brothers Apparel, Inc.* (1968), 13 Mich App 281. (3) Because one of the commissioners was not a freeholder. Even if true, the objection after trial comes too late. Counsel had many months to object to the qualifications of any of the commissioners. No objections were made until after the trial. *State Highway Commissioner* v. *Breisacher* (1925), 231 Mich 317. (4) Because one of the commissioners was a law partner of a state legislator. Defendants cite the opinion of the attorney general.[2] It states that members of the legislature and the county board of supervisors cannot sit as commissioners in condemnation cases because of a conflict of interest. We rule that this is not applicable to law partners of state legislators and, further, this fact was known by counsel for defendants some time before the case was tried and no objections were made. Any objections that defendants had, therefore, were waived. *State High-*

---

[2] OAG, 1967–1968, No 4600, p 158 (December 4, 1967).

*way Commissioner* v. *Breisacher, supra.* (5) The commissioners independently sought out evidence. This last assertion is not supported by the record and we are constrained to rule that the commissioners acted properly.

## II

Defendants assert that the court gave six erroneous and prejudicial instructions to the commissioners. Defendants label these instructions improper, inappropriate, confusing, and loaded. Counsel does not give any reasons why they were improper, inappropriate, confusing, and loaded nor does he cite any authority for his position. The mere statement of a position without argument or citation of authority is insufficient to bring an issue before an appellate court. *Mitcham* v. *City of Detroit* (1959), 355 Mich 182; *Arrand* v. *Graham* (1941), 297 Mich 559; and *Dolby* v. *State Highway Commissioner* (1938), 283 Mich 609. Defendants assert that the trial court erred in not giving five proposed instructions that their counsel proffered. The court's instructions show that the proffered instructions were covered substantially in the court's own words and, therefore, it was not error to fail to give the proposed instructions. *Ferries* v. *Copco Steel & Engineering Company* (1955), 344 Mich 345. We further point out that defendants did not comply with GCR 1963, 516.2 which provides:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection."

This rule we have previously determined is applicable to condemnation cases. *State Highway*

*Commissioner* v. *Snell* (1967), 8 Mich App 299, 319. It is clear from the record that counsel was not specific in his objections, and thus, he has not preserved the claimed error for review on appeal. *Snyder* v. *New York Central Transport Company* (1966), 4 Mich App 38.

## III

Defendants contend that the award of the commissioners was inadequate, that it was based on false principles, and that substantial justice was not done. Defendants' contentions are consonant with their argument to the commissioners that they were entitled to receive compensation in accord with their expert's appraisal of the damage, *viz:* $13,568. They were properly allowed to go to the commissioners on this premise. However, such an appraisal was not binding on the commissioners. The frontage value of defendants' property being taken was submitted to the commissioners in the instruction:

"Now, of course, a given parcel may have a highest and best use as to a portion of that parcel for one purpose and another highest and best use for another part. This is where we come along to this frontage argument as to whether or not it should be used for residential or for farming."

The appraisers differed as to the highest and best use of the property and they differed as to the damage suffered by the defendants. The claimed loss incurred because of the termination of defendants' dairy business was also submitted to the commissioners. As to this claimed error, the award was within the range of the testimony, and should not be reversed on appeal. *State Highway Commissioner* v. *Green* (1967), 5 Mich App 583.

## IV

Lastly, the defendants refer to some 20 rulings by the trial court claimed to be erroneous and prejudicial. The first reference deals with clearing up the correct amount of frontage left of defendants' land whereby access to Parish Road was available after the taking. It was properly cleared up by the testimony to be 210 feet. There was no error.

The second claimed error has to do with the cross-examination of Mr. Charles Lahaie, the expert witness for the State. He appraised the defendant's property by using one of the three proper methods, that of comparable sales and market data approach. He testified that he used a number of comparables in coming to his appraisal of the value of the taking to be $4,400 plus $130.51 for cure (tile damage) for a total of $4,530.51. Defendants' counsel asked Mr. Lahaie a question concerning the price paid by Mr. Ruegsegger to Mr. Wackerle for land in 1959. The question was objected to and sustained. In searching the record we find that the Wackerle-Ruegsegger sale was a comparable sale studied by Mr. Lahaie, but it was not established that it was one of the comparables that the witness used in appraising defendants' land. This is borne out by the testimony of Mr. Lahaie which is in part as follows:

"*Q.* What period of time did your comparable sales cover?

"*A.* Generally, a five-year period prior to the take, but we like to stick from 1962 to 1964. I believe that the comparable sales that I mentioned were all in '62 to '64.

"*Q.* Do you have a list of other comparables that you studied in regard to this?

"*A.* Yes.

"*Q.* Could you furnish me with that list?

"*A.* If counsel would like to have you have them, I have no objection.

"*The Court:* Do you have them with you?

"*Witness:* Yes, I have.

"*Mr. Seward:* I don't see where counsel has a right to take a look at that. It wasn't used to refresh his memory on the things.

"*Mr. Carras:* He has testified.

"*The Court:* He may examine it."

And this conclusion is verified by what took place at the time of the cross-examination, *viz.:*

"*Q.* And Wackerle sold a piece to Ruegsegger in 1959; that was one of your comparables.

"*A.* That's right.

"*Q.* That was at $625 an acre?

"*Mr. Seward:* Objection; I move that be stricken.

"*Mr. Carras:* I have a right to ask that.

"*Mr. Seward:* You do not.

"*The Court:* If you were hitting right smack on a comparable, but you are in the area where he says he looked at these and he didn't feel they were comparable; aren't you pretty remote?"

The general rule concerning cross-examination under such circumstances in Michigan is found in the case of *Commission of Conservation of Department of Conservation* v. *Hane* (1929), 248 Mich 473, 476, 477:

"It has been said in support of holdings that such testimony is admissible that witnesses, in giving opinion evidence of value, may legitimately employ knowledge of specific sales of similar property, and that it is equally an aid to the jury to have the same information in weighing such an opinion, and the evidence should not await disclosure under cross-examination. The rule of admission, however, is frequently hedged by exceptions and limitations dis-

closing its weaknesses in practical application. To emphasize the difference between opinion evidence relative to value and value fixed by actual sales of similar property, and, therefore, considered substantive evidence, we direct attention to the following quotation from Nichols on Eminent Domain (2d Ed), § 453:

" 'In states which do not allow sale of similar lands to be introduced as evidence of value, he (the witness) may be questioned upon cross-examination in regard to such sales. His answers are not, however, evidence of the facts stated, and at best merely nullify his testimony.'

"We hold that knowledge of specific sales of property of similar character may be employed by a witness in forming an opinion of the value of other lands equally circumstanced, but other specific sales of similar land and prices paid therefor may not be introduced as substantive evidence of the value of a particular parcel."

The sale was deemed to be remote in time and location by the trial court. In the absence of a showing that the sale of the land in question was used by the expert witness as a comparable sale in ascertaining the value of defendants' land, we are constrained to rule that no prejudicial error was committed by the trial court.

The next claimed error on rulings has to do with defendants' counsel questioning the appraiser for the state concerning a guide given to him by the state for making appraisals. Exhibit 2 was an old guide issued in 1959 and counsel desired to find out how the current guide differed from exhibit 2. The witness did not have the new guide with him and the cross-examination was awkward and difficult. The then current guide would have been a proper subject for inquiry and, if it had been properly re-

quested, it would have been produced. No request was made; therefore, no error.

The next claimed error, concerning the statement of the court, "Was that foreseeable as of the time of the take?" under the circumstances was not prejudicial, and defendants were not precluded from pursuing the ascertainment of the value of the land from comparable sales.

The sustaining of the objection to the admission of evidence that the value of certain milk equipment was $170 was not error because it had previously been admitted and the subsequent offer was repetitious.

The specific sale of a parcel of land 105 feet by 210 feet deep for $1,000 to Mr. Brunsley was admitted. This Court finds no error in the manner in which the trial court admitted the testimony.

Another claimed error concerned the plaintiffs' witness testifying as to his knowledge of any land selling for more than a certain figure. No objection was made to the testimony and, therefore, there is no error.

The court's ruling was correct denying defendants' counsel the right to an answer to his question of the witness to the effect: did he know that many people violated the plat laws? The question was improper. The other claims of error are without merit and need not be discussed.

Affirmed. No costs, a public question being involved.

All concurred.