## DELTA TOWNSHIP v EYDE

### OPINION OF THE COURT

1. EMINENT DOMAIN—EASEMENTS—EVIDENCE.

A judgment providing for a 50-foot easement on defendants' property and sufficient area for construction did not award plaintiff township more land than it condemned for a sewer line because the phrase "sufficient area for construction" means only that the plaintiff could enter upon defendants' property and dig a hole.

2. EMINENT DOMAIN—CIVIL TRIALS—RULES.

The rules pertaining to civil trials are to be followed in eminent domain proceedings unless a statute specifically provides otherwise; therefore, in the absence of such a specific statute, directing the jury in a condemnation case to return a verdict of necessity and permitting 10 of the 12 jurors to bring in a verdict is not reversible error.

3. EMINENT DOMAIN—EASEMENTS—NECESSITY—EVIDENCE—SOIL CONDITIONS.

Refusing to allow defendants to show the soil conditions on land parcels adjacent to defendants' property, in order to show that the township did not use proper engineering standards in placing the proposed township sewer route across defendants' property and that more soil samples should have been taken on defendants' land, was not error where defendants offered no testimony to establish the relevancy of the soil conditions on the other land parcels and no testimony regarding proper engineering standards.

REFERENCES FOR POINTS IN HEADNOTES
[1] 26 Am Jur 2d, Eminent Domain § 141.
[2] 27 Am Jur 2d, Eminent Domain § 419 *et seq.*
[3] 27 Am Jur 2d, Eminent Domain § 423 *et seq.*
[4] 27 Am Jur 2d, Eminent Domain § 418.
[5] 27 Am Jur 2d, Eminent Domain §§ 418, 505.
[6] 27 Am Jur 2d, Eminent Domain § 471.
[7] 27 Am Jur 2d, Eminent Domain § 415.

4. Eminent Domain—Easements—Necessity—Instructions to Jury.

Instructing the jury that if it found that the township's proposed sewer route over defendants' property approached alternative routes in its feasibility, that if the township had selected the route in good faith with reliance on sound engineering advice, and not arbitrarily, that the jury should find a necessity for the township to take a 50-foot easement on defendants' property for the sewer was not error.

5. Eminent Domain—Damages—Burden of Proof—Instructions to Jury.

Instructing the jury in eminent domain proceedings that defendant landowners had the burden of proving that they were entitled to be compensated in the amount which they claimed and that the plaintiff township had the burden of proving that compensation for the property condemned should be limited to the amount that it claimed, was not error.

6. Appeal and Error—Briefs on Appeal—Eminent Domain.

A party's mere statement of a position in his appellate brief without argument or citation is insufficient to bring the party's asserted issue before an appellate court; therefore, defendant's contention that plaintiff township was being allowed to condemn a 50-foot easement on their property for the State of Michigan would not be considered where defendants presented no argument on this question and cited authority only for the general proposition that the township cannot condemn land for another unit of government.

Dissent by Targonski, J.

7. Eminent Domain—Damages—Evidence—Verdict.

*Jury verdict that the value of a 50-foot easement on defendants' property for a township sewer line was $6,000 was improper because it was conjectural, speculative, and not based on any figure of value presented for land actually taken where the matter was submitted to the jury on the issue of the proper amount of money to be paid for a 50-foot strip, approximately a three-acre taking, the evaluation of the township's appraiser was based solely on the 50-foot easement, and the defendants, relying upon the township's opening statement that only a 50-foot strip would be needed, limited their offer of land values to that amount of land when, in fact, a defense witness's testimony showed that the taking of a 50-foot easement plus necessary land for construction would entail the loss to defendants of*

*eight acres and the demolition of trees but the record was silent as to the value of the eight acres and the value of the trees.*

Appeal from Eaton, Richard E. Robinson, J. Submitted Division 3 November 2, 1971, at Lansing. (Docket No. 11113.) Decided May 11, 1972. Leave to appeal granted, 388 Mich 756.

Complaint by Delta Township against Patrick Eyde, Michael Eyde, Mary Ann Eyde, and Pearl Myers Horst to condemn an easement across defendants' property. The State of Michigan intervened as a party plaintiff. Judgment for plaintiff. Defendants appeal. Affirmed.

*Glassen, Parr, Rhead & McLean,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Charles D. Hackney,* Assistant Attorney General, for the State of Michigan, intervening plaintiff.

*Sinas, Dramis, Brake & Turner, P. C.,* for defendants.

Before: DANHOF, P. J., and BRONSON and TARGONSKI,* JJ.

DANHOF, P. J. The Township of Delta brought this action under MCLA 213.21 *et seq;* MSA 8.11 *et seq,* seeking to condemn an easement across the defendants' property for the purpose of laying a sewer line. The trial court directed a verdict on the question of the necessity of the project but allowed the question of the necessity of the route chosen and the amount of compensation to go to the jury. The plaintiff was granted an easement 50

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

feet wide and sufficient area for construction. Defendants were compensated in the amount of $6,-000 and they appeal. We affirm.

The defendants contend that it was error to enter a judgment providing for a 50-foot easement and "sufficient area for construction". They argue that the case was tried on the assumption that only a 50-foot easement was being condemned and that the judgment awards plaintiff more than was tried. We do not regard the phrase "sufficient area for construction" as significant. In order to construct a sewer line the township must enter upon the defendants' property and dig a hole. Damage caused by these activities is compensable and testimony was received regarding this damage. The phrase "sufficient area for construction" means only that the township may enter and dig a hole.

Defendants contend that it was error to allow 10 of the 12 jurors to bring in a verdict, and also, it was error to direct a verdict in a condemnation case. In condemnation cases the rules pertaining to civil trials are to be followed unless a statute specifically provides otherwise. *Consumers Power Co v Allegan State Bank,* 20 Mich App 720 (1969), *leave to appeal granted* 383 Mich 793 (1970). There being no specific statute providing otherwise, these contentions are without merit.

The defendants contend that the trial court erred in not allowing them to show what the soil conditions were on other parcels of land. They argue that the conditions on the other land tended to show that the route chosen for the sewer was not suitable. They also contend that the conditions on the other land show that the township did not use proper engineering standards because, in view of the conditions on the land, more soil samples should have been taken on the land involved in

this action. The defendants offered no testimony to establish the relevancy of conditions on the other land, and they offered no testimony regarding proper engineering standards. Therefore, these contentions lack merit.

Defendants contend that the trial court erred in giving the following instruction:

"And in determining whether it is necessary for this sewer to follow the route selected by the township, across the Eyde property, evidence has been offered of possible alternate routes. I instruct you that although other routes equally feasible may be available, that fact in itself is not enough to permit you to say that it is not necessary to follow the route selected by the township.

"If you find that the township's decision to follow the proposed route was arbitrary, that it was not adopted in good faith, that it was not based on sound advice and that alternate routes are substantially better, then you should find no necessity to take the property in question.

"On the other hand, if you find the proposed route approaches alternative routes in its feasibility, having regard for the interests of both sides and for the interests of other parties who might be affected by the alternate route, if you find that it was selected not arbitrarily but in good faith, with reliance on sound engineering advice, and such advice is reasonable, then you should find a necessity to take the property in question, the Eyde property along the proposed route."

We hold that this instruction was proper.

Defendants contend that the trial court erred in instructing the jury that the defendants had the burden of proving that they were entitled to be compensated in the amount they claimed, and that the township had the burden of proving that compensation should be limited to the amount that it claimed. This instruction was not erroneous. See 27 Am Jur 2d, Eminent Domain, § 419, p 308.

The defendants contend that the trial court erred in not allowing testimony regarding the feasibility of developing a lake on their property. This contention is not supported by the record.

The defendants contend that the trial court erred in not allowing one of them to testify regarding the cost of attaching proposed construction on the property to the sewer line. Even if we assume that this testimony is relevant and not unduly speculative, the defendants did not establish that the witness had personal knowledge of the cost.

Defendants' final contention is that the Township of Delta is being allowed to condemn property for the State of Michigan. The defendants present no argument on this question and cite authority only for the general proposition that the township cannot condemn land for another unit of government. It is well-settled that mere statement of a position without argument or citation of authority is insufficient to bring the issue before an appellate court. *Mitcham v Detroit,* 355 Mich 182 (1959); *Arrand v Graham,* 297 Mich 559 (1941); *Dolby v State Highway Commissioner,* 283 Mich 609 (1938); *State Highway Commissioner v McCarthy,* 26 Mich App 500 (1970).

Affirmed, no costs, a public question being involved.

BRONSON, J., concurred.

TARGONSKI, J. *(dissenting).* For purposes of this dissent we adopt the opening paragraph of the majority opinion as a proper statement of the factual background controlling in this case. We do not go into any discussion of the legal principles enunciated in the majority opinion because we feel

this proposition turns on a factual determination regardless of the merits of the principles of law set forth by the majority.

A careful reading of the transcript indicates that starting with the petitioner's opening statement the entire matter was submitted to the jury on the issue of "proper amount of money to be paid * * * for 50-foot strip". The petitioner's appraiser offered testimony as to the taking of "50-foot wide easement across this property * * * three acres", and his testimony as to the value was predicated on a 50-foot easement for an approximate three-acre taking. The defendants, on the other hand, presented testimony by one witness that, as the matter was set forth in the petition for the taking of a 50-foot easement plus necessary land for construction would entail the loss of eight acres plus the demolition of trees. However, no testimony was given as to the value of the eight acres nor the value of the trees which would be taken, nor even any testimony as to the number and the type of trees that were to be taken. The record is silent on what constitutes the plus "whatever land might be needed for construction". In view of the petitioner's opening statement, the defendants properly limited their offer of values to the 50-foot strip for easement. The judge, according to the record, originally in chambers in discussion of proposed instructions in preparation of verdict, stated that based on the opening statement, proofs were limited to the 50-foot easement only. However, he changed his mind and permitted the verdict to be prepared to show a taking "as described in petition" and in his charge spoke about "along the proposed route".

"The proposed route" and "as described in petition" encompass additional land needed for construction in addition to the 50-foot easement. How-

ever, to require the jury to make a decision on that basis on the state of the record in this case required the jury to speculate since the record is silent on the value or the extent or determination of location and amount of land needed for construction, the value of such use for construction and the damage to the defendants by way of tree removal from the portions used for construction. In a condemnation proceeding, a verdict will be reversed on appeal only when the award is not within the range of the testimony. *State Highway Commissioner v McCarthy,* 26 Mich App 500 (1970). The jury is limited to a consideration of the high and low figures as to value but when no figure is presented then value rests on conjecture and speculation and is improper. *In re Dillman,* 255 Mich 152 (1931).

Based on this one factor, the matter should be reversed and remanded for trial. Consequently, we do not enter into any discussion of any of the other valid objections raised by the defendants.