JENNESS v SHERATON-CADILLAC PROPERTIES, INC

1. NEGLIGENCE—DUE CARE—QUESTION OF FACT.

Denial of a defendant's motions for directed verdict and judgment notwithstanding the verdict in an action for damages for personal injuries resulting from an assault upon plaintiff while a guest in defendant's hotel was not error where the assailant had been in defendant's lobby long enough prior to the assault for one of defendant's employees to become suspicious of her, her presence was reported to the front office manager about one and one-half hours prior to the assault, it was the policy of defendant to question suspicious persons in the lobby before permitting them access to the upper floors, the assailant took an elevator to the twentieth floor where plaintiff was assaulted, defendant employed a security guard but he did not report for duty until 3 p.m., and the assault was at 2:25 p.m., yet no one questioned this suspicious woman; on these facts the Court of Appeals is unable to say that all men would agree that defendant exercised ordinary care for the safety of plaintiff.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.

A plaintiff in an action for injuries received in an assault which occurred in defendant's hotel was not contributorily negligent as a matter of law with respect to his allegedly imprudent actions regarding his assailant in allowing that assailant into his twentieth floor suite to light a cigarette and use the bathroom where plaintiff had no prior knowledge that defendant's employees were suspicious of the assailant, and where plaintiff testified that he believed the assailant to be a guest or an employee coming to work; it was a question for the jury whether plaintiff was contributorily negligent.

3. APPEAL AND ERROR—ISSUES ON APPEAL—BRIEFS—PRESERVING QUESTION.

A brief which states the facts and gives a general statement of

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Negligence §§ 69, 75.
[2] 57 Am Jur 2d, Negligence §§ 6, 295–302.
[3] 5 Am Jur 2d, Appeal and Error §§ 684–701.

position on certain issues but makes no argument and cites no authority on these issues is insufficient to bring those issues before an appellate court.

Appeal from Wayne, Yale Kerby, J. Submitted Division 1 June 20, 1973, at Detroit. (Docket No. 13534.) Decided August 27, 1973. Leave to appeal denied, 391 Mich —.

Complaint by Fred A. Jenness and Dorothy Jenness against Sheraton-Cadillac Properties, Incorporated, for damages for personal injuries. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Royal G. Targan,* for plaintiffs.

*Alexander, Buchanan & Seavitt* (by *James S. Goulding),* for defendant.

Before: QUINN, P. J., and J. H. GILLIS and BASHARA, JJ.

QUINN, P. J. This action was for recovery of damages for personal injuries sustained by Fred A. Jenness and arising from a physical assault on him while he was a guest of defendant. The wife, Dorothy Jenness, joined the action on her derivative claim for loss of consortium. Trial resulted in jury verdicts and judgments in favor of the husband for $50,000 and the wife for $5,000. Defendant appeals.

Fred A. Jenness had engaged a hospitality suite of defendant for the entertainment of business clients. He went to the hotel about 2:25 p.m. on November 2, 1967 to set up the suite, obtained the room keys, and took the elevator to the twentieth floor. As he walked from the elevator to the suite, an attractively dressed young lady asked him if he had a cigarette. Jenness told her to wait a mo-

ment, and he unlocked the suite, entered it, and removed his coat and gloves. She followed him into the room uninvited; he lit a cigarette for her and she propositioned him. Jenness declined the proposition but permitted her to use the bathroom. During all of this time the door to the suite remained open.

After using the bathroom, the young lady inquired the way to the elevator, and Jenness offered to show her the way, as he was returning to the lobby. While walking to the elevator, she fell somewhat behind Jenness, struck him over the head with a hard object, described as a tire iron, and fled. Jenness was not robbed; he did not lose consciousness; he was found moments later by a security guard.

Both sides agree that defendant owed plaintiff husband a duty of ordinary care for the latter's safety. The contest is whether or not the record contains sufficient proof of the breach of that duty to create a fact question for jury determination. Defendant moved timely for directed verdict and for judgment notwithstanding the verdict, and it asserts as reversible errors on appeal the denial of these two motions. We review the facts in the light most favorable to plaintiffs, and the facts disclose:

1. The female assailant had been in defendant's lobby long enough prior to the assault for one of defendant's employees, an elevator starter, to become suspicious of her. This employee reported the presence of this female to defendant's front office manager about one and one-half hours prior to the assault. The latter told the employee to advise him if this female entered an elevator. The manager suspected the female was there "to turn a trick".

2. It was the policy of defendant to question suspicious persons in the lobby before permitting

them access to the upper floors. Defendant employed a security guard but he did not report for duty until 3 p.m. One of the duties of the guard was to make periodic rounds of the parade area, lobby, and of the floors; he often questioned people in the lobby who were suspicious either to him or to others. No one questioned this suspicious female.

3. This female took an elevator to the twentieth floor, and this fact was reported to the front office manager as soon as the elevator returned to the lobby. Then he and an assistant manager went to the twentieth floor to find the suspicious female, but they were unsuccessful.

On these facts, we are unable to say that all men would agree that defendant exercised ordinary care for the safety of Fred A. Jenness. On the question of defendant's negligence, a fact question for the jury was presented and it was not error to deny defendant's motion for directed verdict and judgment notwithstanding the verdict because there was no proof of negligence.

In its motions, defendant asserted that Fred A. Jenness was guilty of negligence and/or contributory negligence as a matter of law. While the actions of Jenness with respect to his future assailant were not prudent, they did not amount to negligence or contributory negligence as a matter of law. He had no prior knowledge that defendant's employees were suspicious of this female, and he testified that he believed her to be a guest or an employee coming to work. There is record basis for a jury finding that Jenness was negligent or contributorily negligent but the record does not support such a finding as a matter of law.

The latter finding obviates discussion of defendant's reliance on *Johnston v Harris,* 30 Mich App

627; 186 NW2d 752 (1971), but we point out that it was reversed in 387 Mich 569; 198 NW2d 409 (1972).

The remaining issues raised in defendant's brief are not before us. As to each, defendant states the facts, gives a general statement of position, but makes no argument and cites no authority. This is insufficient to bring issue before an appellate court, *Dolby v State Highway Commissioner,* 283 Mich 609, 613; 278 NW 694, 696 (1938), *Delta Twp. v Eyde,* 40 Mich App 485, 490; 198 NW2d 918, 921 (1972).

Affirmed with costs to plaintiffs.

All concurred.