## FLEMING v. GEMEIN.

1. INTOXICATING LIQUORS—CIVIL-DAMAGE ACTION—NOMINAL DAMAGES—HABITUAL DRUNKARD.

Under undisputed evidence that defendant sold plaintiff's husband, an habitual drunkard, intoxicating liquors, after having been notified not to do so, that plaintiff was injured in the matter of her support, suffered personal violence at his hands, that her property was destroyed and she suffered in her feelings, a verdict of six cents damages was against the weight of the evidence and should have been set aside on motion for a new trial.

2. SAME—HUSBAND AND WIFE — PRIVILEGED COMMUNICATIONS —
   WITNESSES.
    The court erred in refusing to admit testimony of the wife
      as to her husband's conduct while he was intoxicated from
      liquor sold by defendant: the evidence was not of a privi-
      leged character.

Error to Wayne; Donovan, J.   Submitted November
14, 1911.   ( Docket No. 101.)   Decided March 12, 1912.

Case by Jennie Fleming against John J. Gemein for
unlawful sales of intoxicating liquor to plaintiff's husband.
A judgment for plaintiff for six cents is reviewed by plain-
tiff on writ of error.   Reversed.

*Harry H. Wait* ( *William L. January*, of counsel),
for appellant.

*James H. Pound*, for appellee.

McALVAY, J.   Plaintiff sued defendant, who was en-
gaged, in the city of Detroit, in the business of conducting
a saloon as a retail liquor dealer, under the statute, claim-
ing damages for unlawfully selling malt, brewed, spiritu-
ous, and intoxicating liquors to her husband, who became
and was an habitual drunkard to the knowledge of defend-
ant, and after the defendant had been notified by her
verbally and in writing not to sell to her husband, for the
reason that he was an habitual drinker, and an habitual
drunkard. There is no question raised as to the sufficiency
of the declaration in the case. The case was tried in the
Wayne circuit court, and resulted in a verdict for six cents
damages for plaintiff. A motion for a new trial was
made on the ground, among others, that the verdict was
contrary to the weight of the evidence and clearly inade-
quate. This motion was denied.

Plaintiff asks a reversal on account of error assigned
upon the rulings and remarks of the court in excluding
testimony offered by plaintiff, upon certain portions of the
charge to the jury, and upon the denial of the motion for

a new trial. It will not be necessary to consider all of the errors assigned. Attention will be given to those of material importance.

The material facts appear from this record: That plaintiff was married at Detroit in 1895 to William Fleming, a skillful and competent machinist, at that time and still in the employ of the Railway Steel Spring Company. That he was then earning $2.50 a day, which in a year or two was raised to $2.75 a day, and in December, 1903, he was appointed master mechanic at $85 a month. About six months after the marriage he began to drink moderately, which continued for a year or two, when he began to drink to excess, during which period he would come home intoxicated, and spent practically all his earnings in defendant's saloon. This continued until 1901, when he was laid off from his work by the master mechanic. Defendant was notified at that time by the master mechanic not to sell Fleming any more intoxicating liquors. After that Fleming did not drink for about a year. He began again in 1902–1903, and gradually grew worse until May, 1908. During this time he spent all his evenings, sometimes until midnight, at defendant's saloon, which was located next to the plant where he worked. He came home frequently intoxicated, using vile language towards his wife, and sometimes assaulting her violently, and smashing her furniture.

Prior to acquiring the habit of becoming intoxicated and during the period when he quit drinking, Mr. Fleming always treated his wife with kindness and great consideration. During that time he turned over to her a large portion of his earnings, with which she paid all the bills and home expenses. In 1903, when he was again drinking hard, he spent practically all his money in defendant's saloon, not furnishing his wife enough for support and to pay rent, and she was obliged to open a millinery store, from the proceeds of which she supported the family. This continued until 1908. Some time in October, 1906, he once came to the store intoxicated, threw her through the store

door, and broke up some of the furniture. On account of this violence, she became sick and was unable to do her work. For three weeks she was afraid to stay in the store, and rented a room or stopped with her neighbors. She notified defendant verbally not to sell her husband liquor, at which time he said it was none of her business how her husband spent his money. She also, October 6, 1906, served a written notice on him forbidding him selling to her husband intoxicating liquors, for the reason that he was in the habit of getting intoxicated and was an habitual drinker. Defendant continued to sell and furnish him liquors to drink until as late as March, 1908. From an account furnished by defendant in a garnishee suit brought against Mr. Fleming for a claimed balance on saloon account of $138.20, it appears that he had sold and charged plaintiff for liquors about $800. This did not include any drinks for which cash had been paid. It appears that Mr. Fleming quit drinking in 1908, and at the time of the trial in December, 1909, continued to abstain from all intoxicants. There is practically no dispute in the record as to the foregoing facts.

The only witness for the defense was defendant, whose direct examination was brief. He admitted selling to Mr. Fleming both before and after notice. He claimed that Mr. Fleming never became intoxicated, and never lost any time from his work. He admitted that plaintiff and her young son used to come to his place quite frequently after Mr. Fleming to get him to go home.

Of the errors assigned we will first consider the denial of a new trial. From this record it is apparent that the verdict of six cents damages was contrary to the great weight of the evidence, and grossly inadequate. The undisputed evidence tended to show that defendant sold plaintiff's husband intoxicating liquors after being notified that he was an habitual drinker, and in the habit of becoming intoxicated, and did become intoxicated upon liquors so sold to him by defendant; that this plaintiff suffered materially in the matter of her support; that she suffered

personal violence and was made sick by her husband's assaults; that her property was destroyed; and that she suffered damages to her feelings in shame, humiliation, and disgrace, all by reason of the conduct of her husband, caused by the unlawful sale of liquors made to him by defendant, and there was abundant evidence tending to show that she was entitled to substantial damages for such injuries. The court was in error in denying such motion.

Upon the offer of evidence by the plaintiff relative to the acts and conduct of the plaintiff's husband when he was intoxicated at the times referred to in the statement of facts, the court refused to allow plaintiff to testify. Several errors are assigned upon such rulings and the interjection of prejudicial remarks by the court, as follows:

"*Q.* Will you describe what took place on this occasion, how Mr. Fleming acted, and what he did?"

The court excluded the answer upon the ground that it was a privileged communication; counsel for defendant having made no objection for that reason. In a long statement by the court he refused to change his ruling, because "such testimony would tend to disrupt the family relation and create interminable litigation." The examination of the witness proceeded:

"*Q.* What did he do on these occasions? Counsel for defendant made the same objection.

"*Q.* Leave out what he said to you, what did he do?

"*A.* He struck me.

" *The Court:* You are getting that in. It is inimical to the family harmony."

The court sustained an objection, and ruled the testimony out. The wife was clearly a competent witness to testify as to the conduct of her husband when intoxicated from the effects of liquor unlawfully sold to him by defendant. The court was in error in excluding such testimony.

We have examined the other material errors assigned, and although we think that they are meritorious, we do

168 MICH.—35.

not consider it necessary to discuss them, for the reason that it would be of no benefit to the profession, and there is no probability that they will recur upon a new trial.

The judgment of the circuit court is reversed and a new trial ordered.

Steere, Blair, Stone, and Ostrander, JJ., concurred.