JOLMAN *v.* ALBERTS.

1. TRIAL—NEGLIGENCE—CONDUCT OF COUNSEL—CROSS-EXAMINATION.
Where a physician under cross-examination in a negligence case was asked if he did not expect to get his bill out of the litigation, and the interrogatory was objected to as incompetent, the court ruling it out and advising counsel that it was improper and insulting, etc., no prejudicial error resulted, and the action of the court was not reversible.

2. EVIDENCE—NEGLIGENCE.
In conjunction with testimony that the injured party was permanently affected, proof as to the age of plaintiff and his wife was not improperly received and justified the admission of the mortality tables.

3. SAME—HUSBAND AND WIFE—MEDICAL TESTIMONY.
Where plaintiff claimed damages for an injury that his wife had suffered, it was not improper to ask the physician of the wife what was her then condition.

4. NEW TRIAL—WITNESSES—MOTIONS—PREJUDICIAL OCCURRENCES.
Where the wife of plaintiff collapsed as she was about to give testimony on the stand and remained unconscious for several hours, it was not erroneous to deny the defendant's motion for a new trial, and the action of the trial court was a reasonable and proper exercise of discretion which, unless appellant could show an actual miscarriage of justice, would be affirmed.

5. SAME—DAMAGES—VERDICT—REASONABLENESS.
One thousand dollars, *held,* not too high a sum for money paid out and loss of the services of the wife, as shown by the record.

Error to Muskegon; Sullivan, J. Submitted June 13, 1916. (Docket No. 49.) Decided July 21, 1916.

Case by Peter Jolman against Frank Alberts for

personal injuries to plaintiff's wife and damage to his buggy. Judgment for plaintiff. Defendant brings error. Affirmed.

*Clink & Farmer,* for appellant.

*Carpenter & Jackson,* for appellee.

BROOKE, J. This case grows out of the same accident which gave rise to the case of *Jolman* v. *Alberts,* 186 Mich. 643 (158 N. W. 170). In the earlier case the wife recovered a judgment against the defendant. In the case at bar the husband brings suit to recover damages which he has suffered because of injuries to his wife in said accident. The elements of his damages are hospital charges, physician's charges, loss of service, and cost of repairs to his buggy, which was injured in the collision.

The first five assignments of error are based upon alleged errors in the receipt or exclusion of testimony. We think them without merit.

The sixth assignment refers to the following incident: One of the physicians, who had had principal charge of the plaintiff's wife after the accident, was under cross-examination by defendant's counsel, and had testified to the amount of his bill, $377.75, whereupon counsel for defendant asked the following question:

"*Q.* And you expect to get that bill out of this litigation, don't you?

"*Mr. Carpenter:* That is objected to as incompetent.

"*The Court:* Just wait a minute. I don't think that is a proper question at all. It is an insulting question, and I think counsel should be reprimanded for it.

"*Mr. Cross:* We take an exception to the language of the court.

"*The Court:* Yes, I don't think it is right.

"*Mr. Clink:* Exception to the court standing up, and pointing his finger at me, and telling me that is not a proper question, in a threatening way. I asked it in good faith, and I think it is competent.

"*The Court:* Pay heed to what the court has said, too."

We are of opinion that the ruling of the court upon the question was proper. The manner of the court and language used might well have been modified.

It is the claim of counsel for defendant that, because of the attitude of the trial court, prejudice followed in the minds of the jury, which found ultimate reflection in their verdict. We are unable to agree with this view, for reasons hereinafter stated.

The seventh, ninth, and tenth assignments of error relate to the admission of testimony as to the ages of the plaintiff and his wife, in connection with the admission of the mortality tables. We find no error in the position taken by the court, in the light of the evidence of two physicians, who testified that, in their opinion, the injury suffered by plaintiff's wife would be permanent.

The eighth assignment is based upon the action of the court in permitting a physician to answer the following question:

"What is her present condition? [referring to plaintiff's wife]."

Inasmuch as the claim of plaintiff was based upon his assertion that his wife had, in the accident, received an injury from which she was still suffering, we think the evidence was properly received.

The eleventh assignment of error is based upon the action of the court in overruling a motion, made at the conclusion of the testimony, that the present trial be declared a mistrial. The motion was predicated upon the following incident: In the course of the trial

the plaintiff called as a witness his wife. She proceeded to the stand, and while the oath was being administered to her she collapsed upon the floor and lapsed into apparent insensibility, which, according to the record, continued for some hours and necessitated her removal to a hospital. The argument is made that this incident, which occurred in the presence of the jury, was highly prejudicial to defendant's case; that it tended to inflame the minds of the jury, and to prevent them from giving that calm and dispassioned consideration to the evidence in the case to which the defendant was entitled; and that this state of mind was clearly reflected in their verdict, which it is claimed was excessive. The learned circuit judge, in deciding the motion, said that, had Mrs. Jolman herself been a party to the case, he would have had no hesitation in granting it.

With reference to incidents such as that under consideration, which, though infrequent, sometimes do occur in the course of a trial, it may be said that the presiding judge should, in the exercise of sound discretion, primarily determine whether they are prejudicial to that point which would require him to discharge the jury and announce a mistrial. In such disposition as the trial court may make, this court should not interfere, unless it plainly appears from an examination of the record with special reference to the verdict that there has been a miscarriage of justice.

In this case we are unable to so find. The recovery was in the sum of $1,000. Uncontradicted and apparently credible testimony placed the actual liabilities incurred, or money paid by the plaintiff, at nearly $900, exclusive of payments made for household service during the incapacity of his wife. It is therefore certain that, if entitled to recover, the plaintiff has not recovered too much.

The remaining assignments of error have either been passed upon in our former opinion in the companion case, or because of lack of merit require no discussion.

Judgment affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and PERSON, JJ., concurred.