### WALKER v. BRITTON.

DAMAGES—INSUFFICIENT VERDICT—NOMINAL DAMAGES.

    Where a verdict was found for plaintiff, who charged that
    defendant negligently drove his automobile against plain-
    tiff, and the plaintiff therefore was held not guilty of
    contributory negligence, and where plaintiff, who was a
    music teacher, was injured so that she was unable to
    follow her profession as a teacher of music for about six
    months, six cents damages was inadequate and contrary
    to the weight of the evidence, requiring a new trial in
    plaintiff's behalf, on error.

Error to Kent; Smith, Clement, J., presiding. Sub-
mitted April 11, 1916. (Docket No. 68.) Decided
September 26, 1916.

Case by Georgia Walker against William Britton for
personal injuries. Judgment for plaintiff for an in-
adequate amount. Plaintiff brings error. Reversed.

*Hatch, McAllister & Raymond,* for appellant.

*H. Monroe Dunham* and *John M. Dunham,* for ap-
pellee.

BIRD, J. While plaintiff was driving upon the high-
way in the early evening, defendant ran his automo-
bile against her carriage, and as a consequence she
was thrown out and injured. She charged the de-
fendant with negligence, because of unreasonable
speed, because he failed to turn to the right of the
traveled way, and because his lights were insufficient
to comply with the statute. The case was submitted to
the jury, who, after deliberating for a time, returned
a verdict of six cents and costs. The trial court re-
fused to accept the verdict, and said to them in part:

"Now, gentlemen, I do not think that you can render a verdict like that for this reason: You render a verdict of six cents. A verdict for six cents did not carry costs. Now, if you are going to add anything to this woman's damages, you have got to do it in dollars and cents. If I take your verdict, it means six cents. She would not recover costs. She not only would not recover costs, but the plaintiff (defendant) would recover costs against her. Now, if you want to render a verdict for six cents, it is up to you; but, if you think it would carry costs, you would be mistaken, and consequently there would be in a sense a miscarriage of justice.   *   *   *   I think I will have you go back."

The jury again deliberated for a time, and returned a verdict for plaintiff of six cents. A new trial was asked upon the ground that the verdict was against the great weight of the evidence, because it was a compromise verdict, and because the damages allowed were grossly inadequate under the undisputed evidence in the case. The trial court denied this application, and, among his reasons for so doing, said:

"The verdict is, in effect, one of 'Not guilty'; and had such a verdict been rendered under the proofs, I would not have disturbed it."

The defendant was a very frank witness. His own account of the collision furnished the jury a basis for finding him guilty of negligence. As a result of the collision, plaintiff was thrown to the ground and injured to the extent that she was unable to follow her profession as a music teacher from the date of the accident, November 13th, until the following June. By their verdict the jury found defendant guilty of negligence, and they must necessarily have found, under the instructions of the court, that plaintiff was free from contributory negligence. This being true, the remaining consideration for the jury was the assessment of plaintiff's damages. The uncontradicted testimony shows that she was entitled to substantial damages. It will

hardly do to say that the verdict was equivalent to a verdict of "Not guilty." It possibly may have been in dollars, but not in law. There is this difference: A six cent verdict fixes upon defendant the responsibility for the collision. A verdict of "Not guilty" exonerates him therefrom. The trial court explained to the jury in detail what their duties were in the premises, and opened the way for them to find that defendant was without fault, but they persisted in finding him guilty, and they should have followed that finding by an allowance of some reasonable compensation for what she had lost and suffered by reason of that negligence. The sum allowed is so grossly inadequate, and bears so little relation to what was shown to have been plaintiff's actual damages, that the verdict should have been set aside on the ground that it was clearly against the weight of the evidence. *Kilmer* v. *Parrish*, 144 Ill. App. 270; *Fleming* v. *Gemein*, 168 Mich. 541 (134 N. W. 969, 39 L. R. A. [N. S.] 315).

For failure of the trial court to set the verdict aside, the judgment must be reversed, and a new trial ordered. Plaintiff will recover her costs.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.