### WILSON *v.* MELDRUM.

1. APPEAL AND ERROR — COLLAPSE OF WITNESS — PROCEEDING WITH TRIAL—WAIVER OF CLAIM OF PREJUDICE.
    Consent to proceeding with trial after one of plaintiff's witnesses collapsed immediately following long cross-examination relative to variance between her testimony and written statement made a day after the accident *held,* waiver of any claim of prejudice to defendant due thereto, it being attorney's duty to inform court at that time of any such claim.

2. Trial—Instructions—Variance Between Statements Out of Court and Testimony.

> Use of the word "false" in charge to jury *held*, without prejudice where used in characterizing statements alleged to have been made by witnesses out of court and at variance with their testimony given during trial, in view of explanation that such alleged false statements could be considered only as bearing upon credibility of witnesses and not as evidence of facts therein contained.

Appeal from Berrien; White (Charles E.), J. Submitted October 2, 1934. (Docket No. 35, Calendar No. 37,842.) Decided December 10, 1934.

Case by Lynn Wilson against Martin Meldrum for personal injuries sustained when struck by defendant's truck driven in a negligent manner. Judgment for plaintiff. Defendant appeals. Affirmed.

*Willard J. Banyon* and *Thomas N. Robinson,* for plaintiff.

*Burns & Hadsell,* for defendant.

Nelson Sharpe, C. J. The plaintiff claims that while he was walking along the highway a few miles south of the city of St. Joseph at about 11 o'clock in the forenoon of September 20, 1932, he was struck and seriously injured by a truck belonging to the defendant and driven by an employee named Seth Ely. He had verdict and judgment for $3,880, from which the defendant has appealed.

On the hearing in this court, defendant's counsel frankly stated that he would not contend that the evidence did not present an issue of fact as to defendant's liability for submission to the jury. He also stated that he would not insist that the amount of the damages was excessive. Consideration is

therefore limited to the two questions now discussed.

1. A young woman named Sophia Schmidt was riding in the seat with Ely at the time the truck passed the plaintiff. She was called as a witness by the defendant. She testified that she saw a man walking along the side of the road quite a distance ahead of the truck; that as it passed the man she "heard a noise" and said to Ely, "It looks like you hit the man," and that she turned and saw the man on the side of the road. Counsel then produced a statement which she had signed on the day after the accident, in which she had stated: "I do not know what car hit the man. I did not see our truck hit him and I do not believe that our truck did hit him," and he cross-examined her at length relative to the variance between her testimony and this statement. She testified that she opened the door of the truck and saw him lying on the side of the road. Counsel then asked: "And you looked back and saw him on the side of the road?" Before answer, an adjournment to the next day was taken. On reconvening she was called to the stand for further examination by defendant's counsel, and the following occurred, as disclosed by the record:

"(Last question read by reporter.)

"*A.* So the truck driver got out of the truck—

"*Q.* Just answer the question. You looked back?

"*A.* Yes.

"*Q.* And saw him laying on the side of the road?

"*A.* Yes.

"*Q.* Now that is after you had seen him on the side of the road when you opened the door you did that?

"*A.* Yes.

"*Mr. Burns:*  I think that is all.

"*Mr. Banyon:*  Just a moment.

" (At this time the witness is unable to go on with her testimony and is carried from the witness chair.)

" (A short recess.)

"*Mr. Robinson:*  We are agreed we will go on with the case.  We haven't located our witness at all."

Counsel insist that this incident "could not but have a prejudicial effect on the jury and that prejudice was reflected in the verdict." Counsel had concluded his examination of the witness. If in his opinion her collapse was likely to prejudice the jury against his client, we think it was clearly his duty to so inform the court at that time, and that his consent to proceeding with the trial must be treated as a waiver of any claim of prejudice due thereto.

In *Jolman* v. *Alberts,* 192 Mich. 365, it appeared that plaintiff's wife, while being sworn as a witness, collapsed and was removed to a hospital. It was claimed that this incident was highly prejudicial to the defendant's case. In disposing of it, this court said (p. 368):

"With reference to incidents such as that under consideration, which, though infrequent, sometimes do occur in the course of a trial, it may be said that the presiding judge should, in the exercise of sound discretion, primarily determine whether they are prejudicial to that point which would require him to discharge the jury and announce a mistrial. In such disposition as the trial court may make, this court should not interfere, unless it plainly appears from an examination of the record with special reference to the verdict that there has been a miscarriage of justice."

2.  It also appears in the record that Seth Ely, under cross-examination, testified that he did not

say to Dr. Sorby when he came to the place of the accident, ''I never saw the man until I hit him,'' and that the doctor testified that he did so state. The trial court in his charge to the jury, after instructing them as to the burden of proof and the preponderance of the evidence, said:

''Now certain testimony has been introduced in evidence here that two of these witnesses have made false statements out of court that is in conflict or that are in conflict with the testimony they have given here upon the witness stand. It is claimed here that the witness Sophia Schmidt made a written statement the day after this affair is said to have occurred and that written statement has been introduced in evidence and it is claimed it is in conflict with the testimony that she has given here on the trial. It is claimed that the witness Ely on the day of the accident made a statement to the doctor who was called that is in conflict with his testimony given here in court. Now the court received those statements of what it is claimed these parties stated outside of court as bearing upon their credibility of the testimony of the witness. For instance the statement of the witness Schmidt was received as bearing upon her credibility as a witness. As I said to you before you are not at liberty to use the statements made in that written statement as that has been introduced in evidence as any evidence whatever as to the facts contained in the statement but it is proper for you to consider as bearing upon her credibility as a witness in the case. The same may be said of the statement that it is alleged Mr. Ely made to the doctor when the doctor was called. You are not to consider, if you find that statement was made, it has any proof of the facts that are contained in the statement, but you have a right to consider, if you find the statement was made, what was said as bearing upon the credibility of such witness in the case.''

Error is assigned upon the use of the word "false" in this instruction. The court did not state that the testimony of these witnesses was "false." The attention of the jury was called to the fact that there was testimony that these witnesses had made statements out of court to other witnesses in conflict with their testimony on the trial, and that it was claimed that those statements were "false," and the jury were told that they could be considered only "as bearing upon their credibility." In view of the explanation which followed, the jury could not have misunderstood the instruction in which this word was used, and the defendant could not have been prejudiced thereby.

The judgment is affirmed.

Potter, North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.