## GALVAN *v*. SUMMERS.

1. WORDS AND PHRASES—LOSS OF CONSORTIUM.
    Loss of consortium means loss of conjugal fellowship.

2. DAMAGES—LOSS OF CONJUGAL FELLOWSHIP—EVIDENCE.
    Evidence presented in wife's action, joined with husband's action, for injuries suffered by latter proximately caused by defendant *held*, to justify jury in concluding that plaintiff wife had suffered no, or only nominal, loss of conjugal fellowship.

3. SAME—ABILITY TO SUPPORT WIFE—INSTRUCTIONS—CONSOLIDATED CASES—DOUBLE RECOVERY.
    Trial court's refusal to charge jury that plaintiff wife was entitled to damages for impairment of her husband's ability to support her was properly denied, thereby avoiding double recovery for such loss, where her action had been consolidated with husband's action for injuries he had sustained that were proximately caused by defendant's negligence and in which an element of recoverable damages was the impairment of his ability to support his wife.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted January 5, 1965. (Calendar No. 5, Docket No. 50,591.) Decided April 9, 1965.

Case by Mable Galvan against Stanley L. Summers for loss of consortium arising out of an automobile accident in which her husband was injured. Nominal verdict and judgment for plaintiff. Plain-

REFERENCES FOR POINTS IN HEADNOTES
[1] 26 Am Jur, Husband and Wife §§ 5-7, 499.
[2, 3] 26 Am Jur, Husband and Wife §§ 513, 514.

tiff's motion for new trial denied. Plaintiff appeals. Affirmed.

*Riseman, Lemke & Piotrowski (Harry Riseman,* of counsel), for plaintiff.

*Cary, BeGole & Martin,* for defendant.

SOURIS, J.   On March 17, 1960 plaintiff's husband was injured in an automobile accident proximately caused by defendant's negligence. Plaintiff and her husband brought separate suits, consolidated for trial, against defendant, plaintiff alleging loss of consortium. The jury returned verdicts of $1 for plaintiff and $3,000 for her husband. Plaintiff appeals from the trial court's denial of her motion for new trial.[1]

Plaintiff first argues that the verdict for $1 should be reversed as grossly inadequate because:

"The uncontradicted testimony in evidence was to the effect that she did massage her husband's back at least once a day for two years; that she was deprived of his love, companionship and sexual relationship."

By "loss of consortium" is meant loss of conjugal fellowship. *Montgomery* v. *Stephan,* 359 Mich 33, 36. In this case of Galvan, evidence was presented from which the jury would have been justified in concluding that plaintiff had suffered no, or only nominal, loss of conjugal fellowship. Thus, a disinterested witness testified that even before the accident plaintiff had been rubbing her husband's back every night because of "back trouble". Furthermore,

[1] Plaintiff's husband was granted a new trial when defendant refused to consent to an additur of $1,300; GCR 1963, 527.6, to which the trial court thought the husband was entitled because it appeared that the jury had not taken into account out-of-pocket expenses in making its award.

some of the circumstances testified to by plaintiff
and her husband to establish plaintiff's loss of con-
sortium were placed in dispute by the testimony of
disinterested third parties and, as well, by contradic-
tory testimony of plaintiff's husband. For example,
plaintiff and her husband both testified that after the
accident he was unable to lift anything, while a dis-
interested witness testified that shortly after the
accident plaintiff's husband helped his wife carry
a kitchen range down a flight of stairs and the hus-
band himself testified that even after the accident
he would lift 100 to 125 hogs each day at his job, each
hog weighing about 50 pounds.

It is evident, then, that plaintiff's reliance upon
*Walker* v. *Britton,* 193 Mich 174; *Fleming* v. *Gemein,*
168 Mich 541 (31 LRA NS 315); *Fordon* v. *Bender,*
363 Mich 124; and *Mosley* v. *Dati,* 363 Mich 690, is
misplaced. In each of those cases we reversed a jury
verdict for inadequacy because the jury either had
found, or upon the basis of undisputed facts should
have found, that an interest of plaintiff's had been
injured, but failed to compensate therefor. In the
case now before us, however, the jury was entitled
to infer from the evidence that plaintiff's marital
relationship did not deteriorate as the result of in-
juries suffered by her husband in the accident.

Plaintiff also argues that the trial court erred in
refusing to charge the jury that plaintiff was entitled
to damages for impairment of her husband's ability
to support her.[2] Upon the facts of this case the
argument is without merit. Since plaintiff's suit was
consolidated for trial with her husband's suit and
since an element of her husband's recoverable dam-
ages was the impairment of his ability to support

[2] The point was saved for appellate review by timely objection as
required by GCR 1963, 516.2.

plaintiff,[3] to have permitted recovery by her for this same element of damages would have subjected defendant to double liability for the same loss. Indeed, the cases relied upon by plaintiff as the basis for the requested instruction specifically recognized that such double recovery should be avoided. We quoted from one such case, *Hitaffer* v. *Argonne Co., Inc.,* 87 App DC 57 (183 F2d 811, 23 ALR2d 1366),[4] in *Montgomery* v. *Stephan,* 359 Mich 33, 42, to demonstrate that appropriate measures should be taken to avoid recovery by both husband and wife for the same element of damages. One such appropriate measure suggested by footnote, at p 42, was an instruction to the jury in such cases to limit the wife's recovery to loss of society and affection and the expenses she incurred in caring for him. Thus, in these consolidated suits the trial court did not err, to plaintiff's prejudice, in trying to obviate such double recovery by refusing to give plaintiff's requested instruction.

Affirmed. Costs to defendant.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SMITH, O'HARA, and ADAMS, JJ., concurred.

---

[3] The trial court instructed the jury that the husband was entitled to recover damages for wages lost as a result of the accident.

[4] Overruled on other grounds, see *Smither and Company, Inc.,* v. *Coles,* 100 App DC 68 (242 F2d 220).