### WHITSON v. WHITELEY POULTRY CO.

1. WORDS AND PHRASES—CONSORTIUM.
   *Consortium* is the conjugal fellowship of the parties to a marriage, and encompasses society, companionship, service, affection, and all other incidents of the marriage relation.

2. NEGLIGENCE—DAMAGES—HUSBAND AND WIFE—INJURY TO MARRIAGE RELATION.
   A husband is entitled to compensation for damage sustained to the marriage relation through loss of consortium because of injuries sustained by the wife through negligence of the defendant.

3. DAMAGES—LOSS OF CONSORTIUM—JURY VERDICT.
   Jury determination, based upon the evidence, that a marriage relationship sustained no loss as a result of a negligent tort to the wife, as shown by verdict for husband in the amount of his out-of-pocket expenses, will be sustained upon appeal where there was evidence on which to base the verdict, including conception and birth of a child of the parties after the accident.

4. APPEAL AND ERROR—QUESTIONS OF FACT—APPELLATE COURT FUNCTION.
   An appellate court may not pass on a question of fact which has been determined by a jury, because to do so would deprive the parties of their constitutional right to trial by jury (US Const, Am 7; Const 1963, art 1, § 14).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Husband and Wife § 5.
[2] 41 Am Jur 2d, Husband and Wife § 447.
[3] 5 Am Jur 2d, Appeal and Error §§ 833, 931, 934; 41 Am Jur 2d, Husband and Wife §§ 455, 456.
[4] 5 Am Jur 2d, Appeal and Error § 833.
[5,6] 22 Am Jur 2d, Damages §§ 86, 105.
   Validity of verdict awarding plaintiff in personal injury action amount of medical expenses but failing to award damages for pain and suffering. 20 ALR2d 276.

5. DAMAGES—PAIN AND SUFFERING—ADEQUACY OF VERDICT.

    A jury award which ignores the pain and suffering of the injured party in a negligence action is on its face inadequate.

6. SAME—JURY VERDICT.

    A jury verdict which, by one interpretation of the evidence, has awarded for damages liabilities incurred by the plaintiff during the course of her treatment plus some amount for pain and suffering, is not against the law or evidence as a matter of law, even though, on another interpretation of the evidence, it ignores uncontroverted out-of-pocket expenses and leaves nothing for pain and suffering, where some of the uncontroverted out-of-pocket expenses were paid by plaintiff's insurer, which is not a party.

Appeal from Washtenaw, Ager (William F., Jr.), J. Submitted Division 2 January 8, 1968, at Lansing. (Docket No. 2,754.)   Decided June 3, 1968.   Leave to appeal denied October 23, 1968.   See 381 Mich 783.

Complaints by Martha Whitson and Harley Whitson against Whiteley Poultry Company, Inc., a foreign corporation, and Tilden Ray Jones, for injuries suffered by Martha Whitson in an automobile accident and ancillary damages suffered by Harley Whitson.   Verdicts and judgments for plaintiffs. Plaintiffs appeal on ground of inadequacy of the verdicts.   Affirmed.

*Shepherd & Chapelle,* for plaintiffs.

*Garon, Lucow & Miller* (*Matthew A. Seward,* of counsel), for defendants.

CANHAM, J. This dispute originated from a rear-end collision of the kind so common to our expressway system. Defendant, following too closely and trapped by the presence of a vehicle on his left, could not stop in time or swerve to avoid striking

the vehicle in which Martha Whitson was riding. At the scene of this accident plaintiff complained of pain. She was taken to the hospital, was examined and released. Continuing treatment, she went to her own physician and others recommended by him and her attorney. Claim was made that Martha's back bothered her continuously from the accident to the time of trial. She states she is unable to remain in one position for any prolonged period of time. Harley Whitson states that he has to do some of the household chores because of his wife's difficulties. Approximately 1-1/2 years after the accident Martha Whitson entered the hospital for treatment of this injury.

Action was commenced in Washtenaw county circuit court, damages being stated as expenses and pains to wife and expenses and loss of consortium to husband. The case proceeded to a jury verdict, awarding a judgment to both plaintiffs. The judgment to plaintiff husband was in the exact amount of expenses he had paid to the time of trial ($55.85). The wife was awarded damages ($500) which if taken at the face amount of the bills is less than the amount of her medical expenses yet to be paid ($640.75). This verdict upon examination of the plaintiffs' exhibits would allow for pain and suffering in addition to the wife's expenses if an entry on plaintiffs' exhibits respecting insurance coverage of her hospital expense was considered. The carrier is not an intervening party in this suit. A motion for new trial was made by plaintiffs. The denial of this motion is the source of this appeal by right.

In attempting to show that the verdict was against the great weight of the evidence or contrary to law we are asked to review on the basis that no award was made for the husband's loss of consortium and

that no award was made for the pain and suffering of the wife.

We first treat of the loss of consortium. Consortium is the conjugal fellowship of the parties. *Montgomery* v. *Stephan* (1960), 359 Mich 33, holds an excellent work of scholarship by Mr. Justice TALBOT SMITH in which he explains that the concept encompasses society, companionship, service, affection, and all other incidents of the marriage relation. If damage was sustained to the relation the husband is certainly entitled to recompense. We do not, however, sit as a super jury. Those twelve summoned to judge the facts of the case have determined there was no loss sustained to the marriage relationship. They had evidence upon which to base their verdict in this respect. The jury saw the parties, and were aware that Martha Whitson conceived and bore another child since this accident.

Next we deal with the pain, suffering, and lack of compensation of the verdict to Martha Whitson.

Here again there is ample evidence from the testimony and exhibits that were entered upon which the verdict may be based. There were no objections or attempts to exclude questionable evidence at that time. The duty of determining weight of evidence and credibility of witnesses is that of the jury. It is not the province of an appellate court. The parties have a constitutional right to trial by jury in the general trial courts in this State. US Const, Am 7; Mich Const 1963, art 1, § 14. Appellate courts passing on questions of fact deprive the parties of this right.

The plaintiff correctly contends that a jury award which ignores the pain and suffering of the injured party is on its face inadequate, *Fordon* v. *Bender* (1961), 363 Mich 124; *Mosley* v. *Dati* (1961), 363 Mich 690. She further contends that a verdict ig-

noring uncontroverted out-of-pocket expenses is also on its face inadequate, *Hugener v. Michlap* (1966), 2 Mich App 157. With the foregoing postulates in mind, an examination of the record shows that the jury according to one interpretation of the evidence has awarded the liabilities incurred by the plaintiff wife during the course of her treatment plus some that is assumed to be pain and suffering. The verdict award is, to say the least, pinch-penny and high-pocketed. The pain and suffering award is substantial as opposed to nominal. The jury, however, was there during the presentation of evidence, observing demeanor and attitude while we have only cold black letters on white background. We cannot say as a matter of law the verdict went against the law or evidence.

Judgment affirmed. Costs to the appellees.

Lesinski, C. J., and McGregor, J., concurred.