O'DELL *v.* JAMES.

APPEAL AND ERROR—NEGLIGENCE—INSTRUCTIONS—JURY—DAMAGES—
PRESUMPTIONS—PREJUDICE.

> The law does not presume that a jury, which found the defend-
> ant liable notwithstanding erroneous instructions by the court,
> has been prejudiced thereby in their assessment of damages;
> therefore an error of instruction by the trial judge upon the
> issue of liability of defendant in a negligence action is not
> reversible upon appeal by plaintiffs where, as to that issue,
> the jury has found for the plaintiff.

Appeal from Court of Appeals, Division 1, T. G.
Kavanagh, P. J., and Levin and Newblatt, JJ., re-
versing and remanding Common Pleas Court of
Detroit, George D. Kent, J. Submitted December 3,
1969. (Calendar No. 30, Docket No. 52,228.) De-
cided January 12, 1970.

· 13 Mich App 574, reversed.

Complaint by George W. O'Dell and Ruth M.
O'Dell against William C. James for personal in-
juries and property damage suffered in an automo-
bile collision on April 4, 1966. Verdict and judgment
for plaintiffs. Plaintiffs appeal to the Court of
Appeals. Reversed and remanded. Defendant
appeals. Court of Appeals reversed.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error §§ 784, 810, 816.

*Jesse R. Bacalis,* for plaintiffs.

*Rouse, Selby, Webber, Dickinson & Shaw (Gerald F. Surowiec,* of counsel), for defendant.

PER CURIAM. This is a suit for negligence, brought in Common Pleas. Plaintiffs had verdict and judgment. Their appeal resulted in reversal and remand for new trial. *O'Dell* v. *James* (1968), 13 Mich App 574. We granted leave (381 Mich 809) to decide whether an error of instruction upon the issue of liability of a defendant in negligence is reversible where, as to that issue, the jury has found for the allegedly aggrieved plaintiff.

Cases in which this Court has appraised damage verdicts for adequacy or inadequacy are not in point. Nor is *Bishop* v. *Plumb* (1961), 363 Mich 87 (suggested at 576 below for comparison). In point is *Kalembach* v. *Michigan C. R. Co.* (1891), 87 Mich 509. There a majority of the Justices (three members of a five-man Court) found no reversible error in like circumstances, reasoning (p 512):

"It is insisted that the jury were probably prejudiced upon the measure of damages by improper instructions upon the law of negligence. I cannot accede to this proposition. The law casts no such reflection upon honest and intelligent jurors. The law does not presume that a jury, which found the defendant liable notwithstanding erroneous instructions by the court, has been prejudiced thereby in their assessment of damages, especially in a case like the present one. The verdict was for $150. What should have been the amount of damages so that the Court would say that they were not probably prejudiced? The result of this rule would be that a court must correctly instruct the jury upon all branches of every case, in order to avoid prejudicing the jury in their assessment of damages."

The other side of the issue was argued ably, at greater length and possibly with greater persuasiveness by Justices McGRATH and LONG. See pages 522, 523 and 524 of report. We do not however regard the case at bar as one where overrulement of *Kalembach* should be considered, the proof of damages here being moderate and not perceptibly out of line with the aggregate verdict;* whereas the verdict for plaintiff Kalembach in the sum of $150 was received upon proof which, according to untraversed observation of the dissenters, tended to prove that he had "received a serious and permanent injury." (p 522.)

In view of our determination there is no need for ruling here that the complained of instruction was or was not erroneous. We only assume that it was, for decisional purposes.

Reversed on authority of the *Kalembach Case* and remanded for reinstatement of the judgment entered in Common Pleas. No costs.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, BLACK, T. M. KAVANAGH, and ADAMS, JJ., concurred.

T. G. KAVANAGH, J., did not sit in this case.

---

* Plaintiffs make no claim of inadequacy of the total awarded them by the jury, $450 for Mr. O'Dell and $50 for Mrs. O'Dell.