RALEEH *v.* GREAT LAKES TRANSIT CORPORATION

1. APPEAL AND ERROR—INSTRUCTIONS TO JURY—OBJECTION—NEGLIGENCE—COURT RULES.

    Absent a miscarriage of justice, the Court of Appeals will not consider appellants' allegation that the trial judge erroneously injected the issue of sudden emergency in plaintiffs' negligence action, where no timely objection was made at trial (GCR 1963, 516.2).

2. APPEAL AND ERROR—DIRECTED VERDICT—NEGLIGENCE.

    Court's refusal to direct a verdict for plaintiff on the issue of defendants' negligence does not warrant a reversal on appeal where the jury found for plaintiff on the issue and the appeal is directed at the adequacy of the verdict.

3. NEGLIGENCE—VERDICT—EVIDENCE—CAUSE OF INJURY—QUESTION OF FACT.

    A jury verdict of $1000 was not grossly inadequate in a negligence action where plaintiff claimed medical expenses of $973, lost wages of $2300, and property damage of $100 and the evidence raised a legitimate factual question whether plaintiffs' injuries were attributable to the negligence of defendant or stemmed from other causes.

4. NEGLIGENCE — CONSORTIUM — VERDICT — MARITAL RELATIONSHIP — DETERIORATION — JURY VERDICT.

    Verdict of no cause of action in wife's action for loss of consortium arising out of injuries to her husband in an automobile

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 849, 892.
[2, 3] 4 Am Jur 2d, Appeal and Error § 110.
  22 Am Jur 2d, Damages § 398 *et seq.*
[4] 41 Am Jur 2d, Husband and Wife § 448 *et seq.*

accident is affirmed, where there was no indication of any loss, other than the husband's unsupported statement that he was nervous, edgy and could not perform his marital duties, and the jury may have inferred that there was no deterioration in the marital relationship as a result of the accident.

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 April 9, 1970, at Lansing. (Docket No. 6,747.) Decided April 27, 1970.

Complaint by Michael Raleeh and Patricia Raleeh against Great Lakes Transit Corporation, a Michigan corporation, and Henry Leasing Company, a Michigan corporation, for automobile negligence and for loss of consortium suffered by Patricia Raleeh. Verdict and judgment for Michael Raleeh. Verdict and judgment of no cause of action on Patricia Raleeh's derivative action. Plaintiffs appeal. Affirmed.

*Soma, Oster & Hoste,* for plaintiffs.

*Garan, Lucow & Miller (Matthew A. Seward,* of counsel), for defendants.

Before: McGREGOR, P. J., and DANHOF and LARNARD,[*] JJ.

McGREGOR, J. This case arose as the result of a rear-end automobile and bus collision which occurred November 13, 1965, in the city of East Detroit. Plaintiff automobile driver, Mr. Raleeh, appeals from a jury verdict of $1,000 claiming trial error and inadequacy of verdict. On a derivative action brought by plaintiff's wife, the jury found no cause of action.

---

[*] Circuit Judge, sitting on the Court of Appeals by assignment.

Plaintiffs claim as error the failure of the trial judge to grant a directed verdict on the issue of defendants' negligence, and also allege that the judge erroneously interjected the issue of sudden emergency. This Court notes that no timely objection was made to the second error and it is, therefore, not considered on appeal in the absence of a miscarriage of justice. GCR 1963, 516.2. Assuming for decisional purposes that the court failed to direct a verdict, in the light of *O'Dell* v. *James* (1970), 383 Mich 87, reversal is not warranted.

In the instant case, plaintiffs also argue that the jury verdict was grossly inadequate in light of the damages shown, citing *Mosely* v. *Dati* (1961), 363 Mich 690, and *Fordon* v. *Bender* (1961), 363 Mich 124.

Mr. Raleeh claimed medical expenses of $973 and the jury verdict was $27 over this amount. Defendants raised a legitimate factual question herein as to the cause of plaintiff's medical damages. Defendants allege that a substantial portion of the medical expenses herein claimed were the result of an accident in which Mr. Raleeh had been injured when he jumped to grab his son who had fallen down the stairs. Defendants aptly point out that, while Mr. Raleeh may have injured his back in November, 1965, he apparently stopped seeing the doctor for these injuries around July, 1966, at which time he had little or no pain. The doctor testified that in July, 1966, Mr. Raleeh had recovered to a point that he had complete movement in his back area, which had been previously hampered; that his prognosis was good and there appeared to be no permanent damage.

Approximately one year later, in July, 1967, or 21 months after the car accident—very shortly after the accident in which Mr. Raleeh was injured with

his son—he entered the hospital for back pains. The expenses stemming from this hospitalization amounted to approximately one-half of the claimed medical expenses.

Mr. Raleeh also had a claim of lost wages of approximately $2,300 which in a large part occurred after July, 1967. Again, these were seriously contested as being attributable to other causes; *i.e.,* the accident with his son, that his high degree of absenteeism resulted from other causes, and further, that he missed practically no time at all from a second job at which he was working at this time. The testimony of Mr. Raleeh himself was that he missed something less than 19 days during the first seven months after the accident, only two days of which occurred during the first month immediately following the date of the accident. Mr. Raleeh admitted that not all these days of absence were due to the accident injuries; however, competent proof was not furnished in substantiation of those days which were claimed to be .attributable to these injuries. In addition, Mr. Raleeh claimed that his car was damaged to the extent of its value, $100.

In *A'Eno* v. *Lowry* (1962), 367 Mich 657, the jury returned a verdict for less than the claimed medical expenses, which was upheld on appeal. The plaintiff therein charged that the jury had returned a grossly inadequate verdict. The Court distinguished *A'Eno* from *Fordon, supra,* and held, in *A'Eno,* that there was an issue of fact as to whether plaintiff's injuries were attributable to the negligence of the defendant or stemmed from other causes and, consequently, were not a part of the damages.

Consequently, we find that the damages shown in the instant case were of such a questionable nature that a legitimate factual question was raised, and

that the jury did not return an inadequate verdict in light of the evidence shown.

The only testimony as to Mrs. Raleeh's claimed loss of consortium was Mr. Raleeh's unsupported statement that he was unable to perform his marital duties. There was no indication as to any loss in their marital relationship other than Mr. Raleeh's being allegedly edgy and nervous. The jury may have inferred that there was no deterioration in the marital relationship as a result of the accident. *Whitson* v. *Whiteley Poultry Co.* (1968), 11 Mich App 598; *Galvan* v. *Summers* (1965), 375 Mich 285.

Affirmed. Costs to appellees.

All concurred.