KUCKEN v HYGRADE FOOD PRODUCTS CORPORATION

1. APPEAL AND ERROR—ISSUES ON APPEAL—SUPPORTING CITATIONS.

A statement of position without supporting citations is insufficient to bring an issue before the Court of Appeals; a party may not leave it to the Court to search for authority to sustain or reject its position.

2. APPEAL AND ERROR—MISTRIAL—DISCRETION—MISCARRIAGE OF JUSTICE.

The Court of Appeals will not interfere with a trial court's disposition of a motion for mistrial unless there was an abuse of discretion with a resulting miscarriage of justice.

3. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT NOTWITHSTANDING THE VERDICT.

It is a well-settled principle of law that on review of a trial court's refusal to grant a motion for a directed verdict or judgment notwithstanding the verdict, the facts are reviewed in the light most favorable to plaintiff; the test used is whether from the facts in the light most favorable to plaintiff, reasonable men could honestly reach a different conclusion, and if the answer to this is "yes", the question is for the jury.

4. NEGLIGENCE—INVITEE—REASONABLE CARE—DUTY TO WARN—LATENT DANGERS.

A plaintiff on a defendant's premises for a purpose beneficial to both parties was an invitee; therefore, the defendant had a duty not only to exercise reasonable care not to injure plaintiff by negligent acts, but to warn plaintiff of latent dangers of which defendant knew or reasonably should have known.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 700.
[2] 5 Am Jur 2d, Appeal and Error § 702.
[3] 5 Am Jur 2d, Appeal and Error §§ 112, 819, 849.
[4] 57 Am Jur 2d, Negligence § 38.
  62 Am Jur 2d, Premises Liability §§ 62–68.
[5, 6] 41 Am Jur 2d, Husband and Wife §§ 448, 455.
  Husband's right to damages for loss of consortium due to personal injury to wife. 133 ALR 1156.

5. DAMAGES—LOSS OF CONSORTIUM—BURDEN OF PROOF.

> Loss of consortium technically means the loss of conjugal fellowship; however, it is legally recognized as including loss of society, companionship, service, and all other incidents of the marriage relationship; like any other element of damages, loss of consortium must be proved by a preponderance of the evidence and the plaintiff is required to carry the burden of proof; therefore, a defendant's motion for a directed verdict against the injured plaintiff's wife should have been granted where the only evidence even remotely related to loss of consortium was the husband's testimony that his wife cared for him during his convalescence, and that she took over from him the task of grocery shopping.

6. DAMAGES—LOSS OF CONSORTIUM—EVIDENCE.

> Evidence concerning the marital relationship before and after an accident is necessary to prove loss of consortium.

Appeal from Wayne, Robert Mandenberg, J. Submitted Division 1 January 10, 1974, at Detroit. (Docket No. 13813.) Decided March 1, 1974.

Complaint by Stanley Kucken and Constance Kucken against Hygrade Food Products Corporation for negligence. Judgment for plaintiffs. Defendant appeals. Affirmed as to plaintiff Stanley Kucken. Reversed as to plaintiff Constance Kucken.

*Richard F. Krandle, P. C.,* for plaintiffs.

*Sullivan, Sullivan, Ranger & Ward,* for defendant.

Before: McGREGOR, P. J., and J. H. GILLIS and O'HARA,* JJ.

J. H. GILLIS, J. On February 3, 1966, plaintiff

---

\* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Stanley Kucken, a licensed elevator repairman, went to one of defendant corporation's buildings to service an elevator. While atop the elevator car the wire mesh top collapsed, plummeting Kucken to the car's floor. He seriously and permanently injured his left leg, losing seven months' work. He brought this action alleging negligence and negligence per se. Plaintiff Constance Kucken, his wife, joined in the suit alleging loss of consortium. The jury returned verdicts of $36,000 for Mr. Kucken and $8,500 for Mrs. Kucken. Defendant appeals as a matter of right.

Defendant first argues that the trial court erred by refusing on two separate occasions to grant motions for mistrial. It alleges misconduct by plaintiff Stanley Kucken and plaintiffs' counsel. Defendant cited no case in support of its position. A party "may not leave it to this Court to 'search for authority' to sustain or reject its position". *Grove v Story Oldsmobile, Inc,* 31 Mich App 613, 618; 187 NW2d 923, 926 (1971). A statement of position without supporting citations is insufficient to bring an issue before this Court. *Delta Township v Eyde,* 40 Mich App 485; 198 NW2d 918 (1972); *Megge v Lumbermens Mutual Casualty Co,* 45 Mich App 119; 206 NW2d 245 (1973). Moreover, we find the substance of defendant's argument to be without merit. We do not interfere with a trial court's disposition of a motion for mistrial unless there was an abuse of discretion with a resulting miscarriage of justice. *Jolman v Alberts,* 192 Mich 365; 158 NW 886 (1916); *see Secrist v Detroit,* 299 Mich 393; 300 NW 137 (1941). A review of the record reveals no miscarriage of justice.

Next, defendant alleges the trial court erred in refusing to grant its motion for a directed verdict as to plaintiff Stanley Kucken. Our Supreme Court

said in *Sparks v Luplow,* 372 Mich 198, 202; 125 NW2d 304, 306 (1965), that:

"It is a well-settled principle of law that on review of a trial court's refusal to grant a motion for a directed verdict or judgment *non obstante veredicto,* the facts are reviewed in the light most favorable to plaintiff. *Tacie v White Motor Co,* 368 Mich 521, 527; 118 NW2d 479, 484 (1962). The test used is whether from the facts in the light most favorable to plaintiff, reasonable men could honestly reach a different conclusion. If the answer to this is 'yes', the question is for the jury. *Anderson v Gene Deming Motor Sales, Inc,* 371 Mich 223; 123 NW2d 768 (1963)."

Plaintiff, being on defendant's premises for a purpose beneficial to both parties, was an invitee. *Dobbek v Herman Gundlach, Inc,* 13 Mich App 549; 164 NW2d 685 (1968). Thus, defendant had a duty not only to exercise reasonable care not to injure plaintiff by negligent acts, but to warn plaintiff of latent dangers of which defendant knew or reasonably should have known. *Kroll v Katz,* 374 Mich 364; 132 NW2d 27 (1965); *Conerly v Liptzen,* 41 Mich App 238; 199 NW2d 833 (1972); Prosser, Law of Torts (4th ed), § 61, pp 392–393. Viewing the facts and proper inferences therefrom "in the light most favorable to plaintiff", we think there was sufficient evidence for a jury to find that defendant breached its duty to exercise reasonable care to protect plaintiff-invitee from injury. Therefore, the trial court's denial of defendant's motion for a directed verdict was proper.

Lastly, defendant argues that there was no evidence introduced to indicate loss of consortium by Constance Kucken, and, consequently, the trial court should have granted defendant's motion for a directed verdict as to her.

"Loss of consortium technically means the loss of

conjugal fellowship. However, it is legally recognized as including loss of society, companionship, service, and all other incidents of the marriage relationship. *Montgomery v Stephan,* 359 Mich 33; 101 NW2d 227 (1960); *Whitson v Whiteley Poultry Co,* 11 Mich App 598; 162 NW2d 102 (1968). Like any other element of damages, loss of consortium must be proved by a preponderance of the evidence and the plaintiff is required to carry the burden of proof. *Moyer v Shampo,* 357 Mich 391; 98 NW2d 631 (1959)." *Washington v Jones,* 386 Mich 466, 472; 192 NW2d 234, 237 (1971).

Mr. Kucken gave the only testimony even remotely related to loss of consortium. He testified that his wife cared for him during his convalescence, and that she took over from him the task of grocery shopping. This evidence more properly proves Mr. Kucken's damages than his wife's. In *Washington, supra,* testimony indicated that the wife had cared for her husband for eight months. The Court held this fact was not competent to prove loss of consortium; evidence concerning the marital relationship before and after the accident is necessary. *See Whitson v Whiteley Poultry Co,* 11 Mich App 598; 162 NW2d 102 (1968). Here, there was no such evidence. The motion for directed verdict should have been granted.

Affirmed as to plaintiff Stanley Kucken; reversed as to plaintiff Constance Kucken. No costs.

All concurred.