VAUGHAN v GRAND TRUNK WESTERN RAILROAD COMPANY

Docket No. 76173. Submitted May 14, 1985, at Detroit. Decided March 27, 1986.

Plaintiff, Floyd S. Vaughan, filed an action under the Federal Employers' Liability Act in the Oakland Circuit Court against his employer, Grand Trunk Western Railroad Company. Plaintiff alleged that defendant negligently assigned him to work which was not within his physical capacity to perform with reasonable safety. The jury rendered a verdict in favor of plaintiff and awarded plaintiff $914,600 in damages. The trial court, Hilda R. Gage, J., denied defendant's motions for mistrial and a new trial, and denied plaintiff's request for prejudgment interest on his damage award. Defendant appealed and plaintiff cross-appealed. *Held:*

1. The trial court did not err in allowing evidence of defendant's alleged negligent acts in assigning plaintiff to various physical labor tasks prior to May 20, 1978. Those acts were part of a continuing tort, the claim for which was filed by plaintiff within the three-year period of limitation which commenced in June, 1978, when defendant, cognizant of plaintiff's back problems, ceased to assign him to duties which would have exposed him to an unreasonable risk of harm.

2. The trial court did not abuse its discretion in denying defendant's motions for mistrial and a new trial. Defendant's argument that the trial court's reversal of its ruling regarding the admissibility of evidence of defendant's negligence prior to 1978 resulted in unfair surprise or a denial of a fair trial was found by the Court of Appeals to be without merit.

3. The trial court did not abuse its discretion in denying plaintiff's motion for prejudgment interest.

Affirmed.

REFERENCES

Am Jur 2d, Appeal and Error §§ 772-775.

Am Jur 2d, Federal Employers' Liability and Compensation Acts § 65.

Accrual of cause of action and tolling of limitation period of § 6 of the Federal Employers' Liability Act (45 USC § 56). 16 ALR3d 637.

See also the annotations in the ALR3d/4th Quick Index under Appeal and Error; Interest on Money; Mistrial.

1. LIMITATION OF ACTIONS — FEDERAL EMPLOYERS' LIABILITY ACT.

   The period of limitations for a claim under the Federal Employ-
   ers' Liability Act against an employer for negligent assignment
   of work duties commences from the time at which the em-
   ployer, with knowledge of the employees' physical impairment,
   ceases to assign the employee to duties which expose him to an
   unreasonable risk of harm (45 USC 51 *et seq.*).

2. APPEAL — MISTRIAL.

   The Court of Appeals will not interfere with a trial court's
   disposition of a motion for mistrial unless there was an abuse
   of discretion with a resulting miscarriage of justice.

3. DAMAGES — INTEREST — FEDERAL EMPLOYERS' LIABILITY ACT.

   The allowance of interest on a judgment in an action under the
   Federal Employers' Liability Act against an employer is a
   matter of federal substantive law; under federal law, prejudg-
   ment interest must be requested from the jury if such award is
   not statutorily mandated and failure to make such request bars
   a subsequent attempt to seek prejudgment interest from the
   trial judge (45 USC 51 *et seq.*).

*Brescoll & Associates, P.C.* (by *James A. Brescoll*
and *Nicholas Manikas*), for plaintiff.

*Robert I. Schellig, Jr.,* and *Gregory A. Roberts,*
for defendant.

Before: BEASLEY, P.J., and GRIBBS and R. R.
LAMB,* JJ.

PER CURIAM. This is an action brought under
the Federal Employers' Liability Act, 45 USC 51 *et
seq.* (FELA). After a trial held in Oakland Circuit
Court, the jury returned a judgment against defen-
dant and awarded plaintiff $914,000 in damages
for a work-related back disability. Defendant ap-
peals from the judgment and the court's subse-
quent denial of its motion for new trial. Plaintiff
cross-appeals, contending that he should have been
awarded prejudgment interest in addition to the

* Circuit judge, sitting on the Court of Appeals by assignment.

damages awarded. We affirm the lower court judgment. We have determined that prejudgment interest is not properly allowable to plaintiff here.

We first address defendant's argument that the trial court erred in admitting evidence of defendant's negligence prior to May 20, 1978. Plaintiff has alleged that defendant negligently assigned him to work which was not within his physical capacity to perform with reasonable safety. Defendant has viewed plaintiff's allegations as being that of a continuous injury, rather than continuous negligence. Defendant argues that a cause of action accrued with each injury plaintiff suffered from 1966 to 1978. Because the three-year statutory period of limitation had lapsed regarding all but the 1978 injury, defendant argues that only evidence of its negligence in relation to that injury should have been admitted at trial.

The case law in this area recognizes that in a negligent assignment claim, the critical time for limitations purposes is not the time at which the injury was first manifested, but the time at which the employer, knowing of a physical impairment, ceases to assign the employee to duties which expose him to an unreasonable risk of harm:

> The statute of limitations for the negligent assignment claim is distinguished from the claim for the original injury. Where injury results from a negligent act and the injury continues by reason of continued negligence, a recovery may be had for damages caused by the continuous negligence although a cause of action based on the original negligent act is barred. 54 C.J.S. Limitations of Actions § 174a. Therefore, although the cause of action for the original injury was barred by limitations, the statute of limitations for the negligent assignment claim did not begin to run until its own time of accrual. [*Fletcher v Union Pacific R*

*Co,* 621 F2d 902, 907-908 (CA 8, 1980), *cert den* 449
US 1110; 101 S Ct 918; 66 L Ed 2d 839 (1981).]

Applying this principle to the present case, al-
though the cause of action for plaintiff's 1966,
1970, and 1971 injuries was barred, as the lower
court held, the statute of limitations for the negli-
gent assignment of work duties did not hinge upon
those dates. Instead, plaintiff's claim accrued once
the railroad's ongoing allegedly tortious conduct
ceased by taking plaintiff off the job in June, 1978.
Accordingly, the lower court did not err in allow-
ing evidence of defendant's alleged negligent acts
in assigning plaintiff to various physical labor
tasks prior to May 20, 1978. These acts were part
of a continuing tort, the claim for which was filed
by plaintiff less than three years after its accrual.

As in *Fletcher, supra,* the railroad in the pres-
ent case had actual knowledge of plaintiff's origi-
nal back injury in 1966 and his ongoing chronic
back problems. *Emmons v Southern Pacific Trans-
portation Co,* 701 F2d 1112 (CA 5, 1983), relied
upon by defendant, is distinguishable from the
present case in that the railroad in *Emmons*
lacked knowledge of the employee's physical prob-
lems. The *Emmons* court determined that since
the railroad did not know of the disability, it could
not be found negligent for failing to reassign the
employee to less strenuous work. In the instant
case, the railroad had knowledge of plaintiff's
original injury and through its medical officers and
plaintiff's supervisors knew that plaintiff had de-
veloped a chronic lower back condition in 1966
which persisted throughout the remainder of his
employment. Further, defendant's attempt to dis-
tinguish *Fletcher, supra,* by arguing that the
plaintiff was returned to the same position in
*Fletcher,* while plaintiff in the instant case was

returned to several positions as he received job promotions, is without merit. The controlling consideration is the nature of the work to be performed, not the job title under which it is to be done.

We next address defendant's contention that the trial court erred in denying defendant's motion for mistrial once it changed its ruling regarding evidence of defendant's negligence prior to 1978. Defendant argues that a mistrial should have been declared because of the element of surprise and the fact that the jury would hear evidence of alleged acts that defendant's trial tactics had been directed at excluding.

Generally, this Court will not interfere with a trial court's disposition of a motion for mistrial unless there was an abuse of discretion which results in a miscarriage of justice so that the party has not had a fair and impartial trial. *Kucken v Hygrade Food Products,* 51 Mich App 471, 473; 215 NW2d 772 (1974). Our review of the court's instructions to the jury shows us that defendant was not denied a fair trial. The court made it very clear that neither party was at fault with respect to the court's earlier ruling on the statute of limitations question and that both attorneys had simply conformed their arguments and examinations to comply with that ruling.

It was brought out at oral argument concerning this appeal that the cause of the trial court's difficulty was the manner in which defendant made its motion to limit the introduction of the evidence. It was also developed that discovery had been closed for approximately one year before the trial date and that defendant proceeded with its discovery as though all acts of negligence would be introduced at trial.

Moreover, defendant did not commence its case

in chief until two days after the trial court reversed its ruling. Thus, defendant had sufficient opportunity to attempt to develop facts which would rebut plaintiff's evidence of negligent work assignment subsequent to March, 1966. There was no surprise involved since the allegation of negligent work assignment was contained in plaintiff's complaint and was at the forefront of plaintiff's case as trial began and proceeded.

We similarly find that the trial court did not err in denying defendant's motion for new trial. Defendant's argument that the trial court's reversal of its order constituted unfair surprise is without merit. The defense motion to exclude such evidence was not made until minutes before trial was to begin. Defendant must have been cognizant that the trial court might deny its motion to exclude evidence, and defense counsel should have been prepared to defend regarding all acts of negligence alleged in the complaint from March, 1966, onward. As noted above, it was brought out in oral argument on appeal that defendant had indeed prepared its defense during discovery with regard to the earlier negligence allegations. Further, the court instructed the jury that the change in the evidentiary ruling was based solely on a question of law and not the conduct of the defendant. We find no hint in the court's instructions of defense misconduct, contrary to defendant's assertion.

Finally, we have determined that the trial court did not abuse its discretion in denying plaintiff's motion for prejudgment interest. Despite the provision of MCL 600.6013; MSA 27A.6013, which authorizes Michigan courts to award prejudgment interest, the allowance of such interest on FELA judgments by Michigan courts is a matter of federal substantive law. *Shemman v American*

*Steamship Co,* 89 Mich App 656, 676-677; 280 NW2d 852 (1979), lv den 407 Mich 875 (1979).

Under federal case law, prejudgment interest must be requested from the jury if such award is not statutorily mandated. Failure to leave the determination of its applicability and the amount to be awarded to the jury bars a subsequent attempt to seek prejudgment interest from the trial judge. *Kolb v Goldring, Inc,* 694 F2d 869 (CA 1, 1982); *Robinson v Watts Detective Agency, Inc,* 685 F2d 729, 742 (CA 1, 1979), cert den 459 US 1105; 103 S Ct 728; 74 L Ed 2d 953 (1983).

Affirmed.